**COMMONWEALTH of Kentucky, Movant,**

v.

**Robert Andrew PRATHER, Respondent.**

Supreme Court of Kentucky.

May 23, 1985.

David L. Armstrong, Atty. Gen., Joseph R. Johnson, Asst. Atty. Gen., Frankfort, for movant.

Mark A. Posnansky, Appellate Public Advocate, Frankfort, for respondent.

GANT, Justice.

On January 11, 1983, in Louisville, Kentucky, a paid police informant contacted a member of the Louisville Police Department and advised an officer that he had been approached by Robert Andrew Prather and solicited to assist Prather in an armed robbery at the Executive Inn in Owensboro, Kentucky. Respondent Prather had obtained information concerning the hotel and certain plans thereof from his uncle, a former security guard at the facili-ty. In essence, the plan called for the informant to drive, for Prather to enter the van on its way to the bank with a deposit, to force the occupants to drive out of town where the robbery would be completed, and to "dispose" of the occupants. This plan was known to the police from the informant and from clandestine tape recordings of the conversations between the informant and Prather.

On January 14, the informant advised the Louisville police that they were leaving for Owensboro in order to "case" the job and the Kentucky State Police in the Owensboro area were immediately notified. The latter replaced the regular couriers of the Executive Inn with two officers in plain clothes, and at 2:00 p.m. that date Prather and the informant were observed at the Executive Inn. Carrying out their assumed roles, the two officers took the deposit and drove in the company van to the depository bank. The car containing Prather and the informant followed the van to the bank and the two men were observed in that vehicle.

Upon his return to Louisville, the informant apprised the police that the robbery was scheduled for the following Monday, January 17. Prather had obtained a sawed-off shotgun for use in the crime, which the informant brought to the police in order that they could file down the firing pin, rendering it incapable of discharge. The gun was then returned to Prather, and on Monday the two men returned to Owensboro.

They continued to discuss the robbery on arrival and waited in the parking lot at the Executive Inn for the "couriers" to depart for the bank. Again, the plain clothes officers had been substituted. Prather was given the unloaded weapon and had gone to the company van and tested the door handles to ascertain that they would open. The officers entered the van, with the deposit bags, and drove several hundred feet from the front door of the Executive Inn to the street on which the property abuts. Prather and the informant followed closely and when the van was forced to stop at a stop light, they pulled in behind it. It was at this point that the arrest was made.

Prather was indicted, tried and convicted of criminal attempt to commit first degree robbery, and sentenced to 15 years imprisonment as a first degree persistent felony offender. The Court of Appeals, in a 2–1 decision, reversed the Daviess Circuit Court and we granted discretionary review.

The statute involved herein is KRS 506.-010, which reads:

(1) A person is guilty of criminal attempt to commit a crime when, acting with the kind of culpability otherwise required for commission of the crime, he:

.    .    .    .    .

(b) Intentionally does or omits to do anything which, under the circumstances as he believes them to be, is a substantial step in a course of conduct planned to culminate in his commission of the crime.
(2) Conduct shall not be held to constitute a substantial step under subsection (1)(b) unless it is an act or omission which leaves no reasonable doubt as to the defendant's intention to commit the crime which he is charged with attempting.

.    .    .    .    .

At the conclusion of the evidence of the Commonwealth, Prather moved for a directed verdict on the ground that there was no proof of a substantial step which left no reasonable doubt of intent, as required by KRS 506.010(2), which motion was denied. The Court of Appeals found this to be error, but we disagree and reverse.

Numerous jurisdictions have examined the standard delineated by similar statutes on the crime of criminal attempt. The commands of the statute are well defined in *State v. Woods*, 48 Ohio St.2d 127, 132, 357 N.E.2d 1059, 1063 (1976), which states that the substantial steps directed by the statute are overt acts "... which convincingly demonstrate a firm purpose to commit a crime, while allowing police intervention, based upon observation of such incriminating conduct, in order to prevent the crime when criminal intent becomes apparent." We adopt this standard. *State v. Workman*, 90 Wash.2d 443, 584 P.2d 382 (1978), requires that the steps be "strongly corroborative". *State v. Pearson*, Utah, 680 P.2d 406 (1984), declares that the emphasis should be on what acts have been carried out and not on what additional acts would have been even more convincing.

There is no absolute applicable to this statute except to say that the overt acts, the substantial step, must be considered under all of the circumstances of the case to discover whether they manifest a clear intent to commit the crime. Under that precept, let us examine the current case. The evidence of the plan was overwhelming and undisputed. We must then catechize the substantial step mandated by the statute. The plan was to conduct a reconnaissance operation in order to carry out the robbery. The overt acts, fully observed by the police, were: (1) drove from Louisville to Owensboro, going directly to the Executive Inn; (2) conducted a surveillance of the surroundings; (3) noted the modus operandi involved in making the deposit by use of the van; and, (4) determined the route between the Executive Inn and the bank by following the van. The plan was to carry out the robbery on Monday, January 17. The overt acts, again fully observed by the police, were (1) again drove from Louisville directly to the Executive Inn in Owensboro; (2) parked and waited for the couriers to appear; (3) tested the doors on the van; and, (4) followed the van several hundred feet and pulled behind it at the traffic light.

■ It is our opinion that these overt acts, considered under the circumstances of this case and not as isolated occurrences, convincingly demonstrated a firm purpose to commit a crime, and we further find that the police, upon observing such incriminating conduct, properly intervened to prevent the crime.

■ It is our opinion that the "no reasonable doubt" requirement imposed by KRS 506.010(2) is a matter for jury determination and that it was properly submitted to them upon denial of the motion for a directed verdict of acquittal. *See Hodges v. Commonwealth*, Ky., 473 S.W.2d 811 (1971); *Trowel v. Commonwealth*, Ky., 550 S.W.2d 530 (1977).

As an additional argument attempting to uphold the opinion by the Court of Appeals, Prather contends that double jeopardy attached when the Court of Appeals reversed the conviction because of their opinion that there was insufficient evidence to withstand a motion for directed verdict. As authority for this position, respondent cites *Commonwealth v. Burris*, Ky., 590 S.W.2d 878 (1979). That case related to an appeal by the Commonwealth from a judgment n.o.v., and in no way relates to the discretionary review by this court from an opinion of the Court of Appeals.

The Court of Appeals is reversed and the judgment of the Daviess Circuit Court is affirmed.

Full court sitting.

STEPHENS, C.J., and AKER, LEIBSON, GANT, STEPHENSON and WINTER-SHEIMER, JJ., concur.