**COMMONWEALTH of Kentucky, Movant,**

v.

**Patrick NUNNALLY, Respondent.**

**No. 95–SC–379–CL.**

Supreme Court of Kentucky.

Jan. 18, 1996.

Rehearing Denied May 23, 1996.

Mike Conliffe, Jefferson County Attorney, Martin Z. Kasdan, Jr., Amy G. Benovitz, Assistant Jefferson County Attorneys, Louisville, for Movant.

Frank W. Heft, Jr., Chief Appellate Defender, Jefferson District Public Defender, Sheila Redmond, Assistant District Defender, Jefferson District Public Defender, Louisville, for Respondent.

STUMBO, Justice.

The Commonwealth has requested certification pursuant to CR 76.37 of one (1) question of law. The operative facts are as follows:

On March 22, 1995, a petition for an involuntary hospitalization was taken, pursuant to KRS Chapter 202A, on Respondent, Patrick Nunnally, by a social worker at Central State Hospital, following an unprovoked attack by Respondent on a hospital staff member. Respondent was a voluntary patient at the time of this attack.

A preliminary hearing was held in Jefferson District Court on March 29, 1995, and probable cause was found to proceed with the commitment hearing. The District Court, however, ordered a hearing on a 60–day commitment, rather than a 360–day commitment as requested by the social worker. The District Court found that because Respondent's prior hospitalization was voluntary, rather than involuntary, Respondent did not meet the criteria of KRS 202A.051(4)(g), which permits a 360–day involuntary commitment.

A final hearing was held on April 11, 1995, after which Respondent was committed to Central State for a period not to exceed 60 days. The Commonwealth then filed a Motion for Certification of Law, which we granted.

The specific question presented to this Court is as follows:

> Whether a previous voluntary hospitalization brings a patient within KRS 202A.051(4)(g) and subject to a 360–day involuntary commitment.

We answer this question in the negative.

According to KRS 202A.051(4)(g), a petition requesting a 360–day hospitalization requires that the patient have "been hospitalized in a hospital or a forensic psychiatric facility for a period of thirty (30) days under the provisions of this chapter or KRS Chapter 504 within the preceding six (6) months." The Commonwealth seeks a clear and plain meaning approach in interpreting this statute and argues that "[t]he statutory language is plain and, certainly, exceptions that have not been made cannot be read as such." *George v. Commonwealth,* Ky., 885 S.W.2d 938, 940 (1994). The Commonwealth contends that the language of KRS 202A.051(4)(g) is unambiguous and makes no distinction between voluntary and involuntary hospitalization; therefore, a voluntary patient is no less hospitalized than an involuntary patient under the statute. Furthermore, the Commonwealth notes that the provisions of KRS Chapter 202A do, in fact, address, in KRS 202A.021, the circumstance in which one is voluntarily admitted to a psychiatric hospital, and, thus, such a patient falls within the purview of KRS 202A.051(4)(g).

The Commonwealth's argument is a worthy one, however, it fails to recognize another one of our holdings with regard to statutory construction: "As with any case involving statutory interpretation, our duty is to ascertain and give effect to the intent of the General Assembly." *Beckham v. Bd. of Educ. of Jefferson Cty.,* Ky., 873 S.W.2d 575, 577 (1994). While it is true that KRS Chapter 202A does provide for the admission and discharge of voluntary patients, it does so only in KRS 202A.021. We agree with Respondent's contention that this statute is merely a catchall provision which provides for matters which might slip through the cracks of the remainder of KRS Chapter 202A. We cannot ignore the fact that the clear majority of the 39 separate statutes that make up KRS Chapter 202A is concerned with those patients who have been involuntarily hospitalized. These statutes address such issues as the due process rights of the involuntarily committed and contain detailed procedures and requirements relating to such commitments. In sum, KRS Chapter 202A does not pertain to and encompass voluntary hospitalizations in the same manner and to the same extent as it does involuntary hospitalizations. Thus, notwithstanding the brief jaunt into voluntary admissions in KRS 202A.021, a complete reading of KRS Chapter 202A reveals that the thrust of this chapter is devoted to the involuntarily committed. Based upon this general tenor, we construe KRS 202A.051(4)(g), and the term "hospitalized" contained therein, to refer to involuntary hospitalizations only.

We can also appreciate Respondent's public policy argument in that one should not be subjected to a 360–day involuntary commitment simply because one has voluntarily sought treatment for a mental or emotional problem. Any opposite holding would have a chilling effect on voluntary hospitalization and could lead to the abusive utilization of the procedures contained within KRS Chapter 202A.

For the reasons set forth above, we hold that a previous voluntary hospitalization does not bring a patient within KRS 202A.051(4)(g) and, thus, does not subject

such a patient to a 360-day involuntary commitment.

All concur, with EDWIN I. BAER, Special Justice, sitting.