**John Edison YOUNG, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 97–SC–32–MR.**

Supreme Court of Kentucky.

May 21, 1998.

Daniel T. Goyette, Frank Wm. Heft, Jr., Jefferson District Public Defender, Louisville, for Appellant.

A.B. Chandler, III, Attorney General, Matthew D. Nelson, Assistant Attorney General, Criminal Appellate Division, Office of the Attorney General, Frankfort, for Appellee.

COOPER, Justice.

Appellant was convicted in the Jefferson Circuit Court of three counts of criminal attempt to commit unlawful transaction with a minor in the first degree and of being a persistent felony offender in the first degree. He received three enhanced sentences of twenty years each, which were ordered to be served consecutively for a total of sixty years. He appeals to this Court as a matter of right. Ky. Const. § 110(2)(b).

The underlying offenses occurred in April 1996, at which time the three male victims were all less than twelve years of age. P.C., age eleven, testified that he had two encounters with Appellant. The first occurred when Appellant approached him in a wooded area near the Marydale Ball Park, asked him his name, and asked him if he would stay in the woods "and have sex with me." P.C. refused to identify himself, declined Appellant's invitation to "have sex," and ran back to the ball park. P.C. reported the incident to an "umpire" at the ball park, but when they went back into the woods, Appellant had disappeared.

The second incident occurred a week or two later when Appellant approached P.C. near the apartment complex where P.C. lived with his mother and step-father. According to P.C., Appellant asked him "the same thing." P.C. again refused and ran home to tell his mother, who reported the incident to the police.

R.R., also age eleven, testified that he and four other boys, including his brother, K.R., were playing baseball at the Marydale Ball Park when Appellant approached the group and suggested that they build a new clubhouse in the woods. The group followed Appellant to the site of an old clubhouse, where Appellant told them that he was a "priest" and talked about his two children "doing it to each other." R.R. assumed this to mean that Appellant's children "had sex" with each other. Appellant then asked R.R. if he and his brother wanted to "do it with each other." R.R. refused.

K.R., age ten, also related the incident which occurred when the group of boys fol-

lowed Appellant into the woods. He recalled that Appellant asked him "to do it with my brother," which K.R. interpreted to mean engage in anal sodomy. Appellant also told him that he (Appellant) had a "man lover" and "that his sons did, too ." R.R. and K.R. reported the incident to their mother, who called the police. Following an investigation, Appellant was arrested on April 22, 1996.

## I. SUFFICIENCY OF THE EVIDENCE.

 Appellant first argues that while this evidence might have sustained convictions of criminal solicitation of an offense, KRS 506.030, mere words are insufficient to support convictions of criminal attempt to commit an offense, KRS 506.010. He does not assert that he was entitled to or desired instructions on criminal solicitation. Defense counsel specifically declined to request such instructions at trial. Thus, the inquiry is not whether the evidence would support convictions of criminal solicitation, but whether it will support the convictions of criminal attempt which were obtained in this case. We note at the outset that if the same act may constitute either of two offenses, the grand jury may elect to indict on either and the other is not considered a lesser included offense. *Davidson v. Commonwealth*, Ky., 436 S.W.2d 495 (1968); *Taylor v. Commonwealth*, Ky., 384 S.W.2d 333 (1964); *Commonwealth v. Tobin*, 140 Ky. 261, 130 S.W. 1116 (1910).

### A. Unlawful Transaction with a Minor in the First Degree.

KRS 530.064(1) describes the underlying offense as follows:

A person is guilty of unlawful transaction with a minor in the first degree when he knowingly induces, assists or causes a minor to engage in illegal sexual activity except those offenses involving minors in KRS Chapter 531 and KRS 529.030.

If the minor is less than eighteen years of age, the offense is a Class C felony; if he or she is less than sixteen years of age, it is a Class B felony. KRS 530.064(2). Of course, all three minors in this case were less than sixteen years of age. None of the elements of this offense are statutorily defined. How-

ever, "induce" is considered synonymous with "persuade" and "prevail." *Webster's Third New International Dictionary* 1154 (Merriam–Webster 1993). In interpreting a similar statute, the Supreme Judicial Court of Maine held in *State v. Miller*, 252 A.2d 321 (Me.1969) that:

The term induce signifies a successful persuasion; that the act has been effective and the desired result obtained. *State v. Stratford*, 55 Idaho 65, 37 P.2d 681 (1934); *Hautau v. Kearney & Trecker Corporation*, 179 F.Supp. 490 (E.D.Mich.1959); Vol. 21 Words and Phrases, Permanent Ed., p. 481. The charge of inducing one to take indecent liberties means that the persuasion has resulted in the doing of the indecent act.

*Id.* at 325.

 To "engage" denotes action and means "to employ or involve one's self; to take part in." *Black's Law Dictionary* 528 (6th ed.1990). Thus, to complete the offense, the minor must consent to and actively participate in the activity. Since KRS 530.064(1) does not define "illegal sexual activity," except to exclude those activities proscribed by KRS 529.030 (prostitution) and KRS Chapter 531 (pornography and sexual exploitation of minors), other sections of the penal code must be examined to identify which sexual activities are illegal. Except in a case of incest, KRS 530.020, consensual sexual activity between persons over the age of sixteen is not illegal in Kentucky. KRS 510.020(3)(a); *Commonwealth v. Wasson*, Ky., 842 S.W.2d 487 (1992). On the other hand, any sexual activity with a child less than twelve years of age is illegal, regardless of the age of the perpetrator. KRS 510.040(1)(b)2 and 1974 Commentary; KRS 510.070(1)(b)2 and 1974 Commentary; KRS 510.120(1)(b)2 and 1974 Commentary. Thus, any sexual contact between Appellant and P.C. would be illegal sexual activity, as would any sexual contact between R.R. and K.R., although neither child could be subjected to prosecution because of their respective ages. KRS 635.020(2), (3); S. Stokley–Clary and P. Isaacs, *Kentucky Juvenile Law*, 9.02(B) (Banks Baldwin 1991).

It is arguable that KRS 530.064 applies only to a circumstance in which the defendant induced, assisted or caused a minor to engage in illegal sexual activity with someone else, *e.g.*, Appellant's convictions with respect to R.R. and K.R., but not to a circumstance in which the defendant induced, assisted or caused a minor to engage in illegal sexual activity with the defendant, himself, *e.g.*, Appellants conviction with respect to P.C. Under this interpretation, the latter circumstance would be covered by the offenses described in KRS Chapter 510. Although this argument has some appeal, our function is not to legislate, but to ascertain the legislative intent. *Commonwealth v. Nunnally*, Ky., 920 S.W.2d 523 (1996); *Beckham v. Board of Education of Jefferson County*, Ky., 873 S.W.2d 575 (1994). This statute, which was originally compiled within KRS 530.070(1)(b), was enacted contemporaneously with KRS Chapter 510. 1974 Ky. Acts, ch. 406, §§ 81–95 and § 263. If the legislature had intended to limit the scope of this offense, it would have been a simple matter to have written the statute with that limitation, *e.g.*, "to engage in illegal sexual activity with another." Nor does the 1974 Commentary indicate any intent to so limit the scope of this statute. On the other hand, KRS 530.064 does criminalize sexual activity which could not be prosecuted under KRS chapter 510. For example, Appellant's solicitation of P.C. to "have sex" with him would not have sustained an indictment for criminal attempt to commit either first-degree sodomy or first-degree sexual abuse, because of the lack of specificity with respect to the type of sexual activity being solicited. However, an indictment under KRS 530.064 does not require identification of the specific act solicited, since any sexual activity between Appellant and P.C. would be "illegal sexual activity." Any possible overlap of this statute with the offenses described in KRS Chapter 510 is but another circumstance where the same act may constitute either of two offenses, permitting the grand jury to elect to indict on either offense. *Davidson v. Commonwealth, supra; Taylor v. Commonwealth, supra; Commonwealth v. Tobin, supra.*

If Appellant had successfully persuaded P.C. to engage in any sexual activity with him, or had successfully persuaded R.R. and K.R. to engage in any sexual activity with each other, the offense described in KRS 530.064 would have been completed. Since the offenses were not completed, the issue becomes whether Appellant's solicitation of these children to engage in illegal sexual activity, either with him or with each other, constituted criminal attempts to commit the offense of first-degree unlawful transaction with a minor.

### B. Criminal Attempt.

KRS 506.010 provides in pertinent part as follows:

(1) A person is guilty of criminal attempt to commit a crime when, acting with the kind of culpability otherwise required for commission of the crime, he:

. . .

(b) Intentionally does or omits to do anything which, under the circumstances as he believes them to be, is a substantial step in a course of conduct planned to culminate in his commission of the crime. (2) Conduct shall not be held to constitute a substantial step under subsection (1)(b) unless it is an act or omission which leaves no reasonable doubt as to the defendant's intention to commit the crime which he is charged with attempting.

In *Commonwealth v. Prather*, Ky., 690 S.W.2d 396 (1985), we first held that the requirement of a "substantial step" requires proof of an overt act which convincingly demonstrates a firm purpose to commit the crime, but then concluded that:

There is no absolute applicable to this statute except to say that the overt acts, the substantial step, must be considered under all of the circumstances of the case to discover whether they manifest a clear intent to commit the crime.

*Id.* at 397. The 1974 Commentary to KRS 506.010 states that "the principal purpose of requiring an act or omission to act for the offense of criminal attempt is to establish the existence and firmness of a defendant's criminal intentions."

The requirement of an overt act or omission also protects a defendant from prosecution for mere bad thoughts. LaFave & Scott, *Criminal Law*, § 59 (West 1972). The external conduct corroborates the defendant's intent to commit the criminal act. However, the spoken word alone may constitute criminal conduct.

> Mere thoughts must be distinguished from speech; an act sufficient for criminal liability may consist of nothing more than the movement of the tongue so as to form spoken words. Some crimes are usually committed by the act of speech, such as perjury and false pretenses and the inchoate crimes of conspiracy and solicitation. Other crimes, usually committed by other forms of activity, may nevertheless be committed by spoken words.... And, because one is guilty of a crime if he encourages or commands or hires another to commit it, it would seem that practically all crimes may be committed by conduct which includes no voluntary bodily movement other than speaking.

*Id.*, § 25, at 431.

Another maxim applicable to the requirement of a "substantial step" is that the overt act or omission must be more than mere preparation to commit the offense. *Id.*; C.E. Torcia, *Wharton's Criminal Law*, § 696 (15th ed. Clark Boardman Callaghan 1996). A majority of jurisdictions hold as a general proposition that solicitation is merely preparation and does not rise to the level of criminal attempt. *E.g., Sullivan v. State*, 766 P.2d 51 (Alaska Ct.App.1988); *People v. LaFontaine*, 79 Cal.App.3d 176, 144 Cal.Rptr. 729 (1978); *State v. Otto*, 102 Idaho 250, 629 P.2d 646 (1981); *State v. Bereman*, 177 Kan. 141, 276 P.2d 364 (1954). There is substantial authority to the contrary. *E.g., State v. Fristoe*, 135 Ariz. 25, 658 P.2d 825 (1983); *Griffin v. State*, 26 Ga. 493 (1858); *State v. McJunkin*, 27 Or.App. 401, 556 P.2d 164 (1976); *State v. Bowers*, 35 S.C. 262, 14 S.E. 488 (1892). The Model Penal Code treats the solicitation of an innocent agent to engage in conduct constituting an element of the crime, if strongly corroborative of the actor's criminal purpose, as sufficient satisfaction of the substantial step requirement to support a conviction of criminal attempt. 10 U.L.A, Model Penal Code, § 5.01(2)(g) (West 1974).

No jurisdiction which has considered this issue has considered it in the context of a statute in which inducement is an element of the offense. If a successful persuasion would complete the offense, it would not be unreasonable for a jury to conclude that an unsuccessful attempt to persuade was a substantial step in a course of conduct intended to culminate in the completion of that offense. After all, the only additional steps necessary to complete the offenses in this case were acquiescence by the victims and performance of the solicited acts. We reiterate what we said in *Commonwealth v. Prather, supra*, at 398, that the "no reasonable doubt" requirement in KRS 506.010(2) is a matter for jury determination. The evidence in this case was sufficient to support Appellant's convictions of all three counts of criminal attempt to commit unlawful transaction with a minor in the first degree.

## II. AUTHENTICATION OF PENALTY PHASE EVIDENCE.

■ During the penalty phase of the trial, the Commonwealth introduced judgments of the State of Colorado reflecting prior convictions of Appellant of three counts of sexual assault on a child and one count of criminal attempt to commit inducement of child prostitution; and a judgment of the Trigg Circuit Court, Kentucky, reflecting a prior conviction of possession of a handgun by a convicted felon. Appellant does not contest the authenticity of any of these judgments. However, he does claim it was reversible error to permit the Commonwealth to introduce a record of the Colorado Department of Corrections containing Appellant's description, mug shot, and fingerprint card. This record contains the notarized certificate of an employee of "Offender Records" that it is "a full, true and correct copy of the original in my custody." Appellant claims this certification is insufficient to permit self-authentication under KRE 902(2), (4), or (11). However, a notarized document needs no further authentication. KRE 902(8); KRS 422.100. Even if that were not so, the document mere-

ly provides further identification of Appellant as being the subject of the Colorado convictions, a fact which he does not contest. Thus, the introduction of this document did not prejudice him in any way. RCr 9.22.

### III. MAXIMUM AGGREGATE SENTENCE.

 Appellant was convicted of three Class C felonies, enhanced pursuant to KRS 532.080 to twenty years each, and was ordered to serve each sentence consecutively for a total of sixty years. He correctly asserts that his sixty-year sentence violates KRS 532.110(1)(c), which limits the maximum aggregate sentence to "the longest extended term which would be authorized by KRS 532.080 for the highest class of crime for which any of the sentences is imposed ." The longest extended term authorized by KRS 532.080 for conviction of a Class C felony is twenty years. KRS 532.080(6)(b); *Tabor v. Commonwealth*, Ky., 613 S.W.2d 133 (1981). The Commonwealth concedes the error. Thus, this case must be remanded to the Jefferson Circuit Court with directions to impose a sentence which does not exceed twenty years.

Accordingly, the judgments of conviction are affirmed, but this case is remanded to the Jefferson Circuit Court with directions to enter a new sentence which does not exceed the maximum aggregate sentence allowed for these convictions, *i.e.,* not more than twenty years.

STEPHENS, C.J., GRAVES, JOHNSTONE, LAMBERT and WINTERSHEIMER, JJ., concur.

STUMBO, J., concurs in result only without a separate opinion.