Michael SLAUGHTER, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 1999–CA–001718–MR.

Court of Appeals of Kentucky.

Sept. 15, 2000.

Discretionary Review Denied
by Supreme Court June 7, 2001.

Mark Wettle, Appellate Public Advocate, Louisville, KY, for Appellant.

Albert B. Chandler III, Attorney General, Brian T. Judy, Assistant Attorney General, Frankfort, KY, for Appellee.

Before DYCHE, EMBERTON, and MILLER, Judges.

## OPINION

DYCHE, Judge:

Following a jury trial, Michael Slaughter was convicted of attempted trafficking in a controlled substance, second offense (KRS 218A.1412), possession of drug paraphernalia, second offense (KRS 218A.500), and tampering with physical evidence (KRS 524.100). In this appeal he claims that the trial court erred by excluding testimony and photographs of the alley where Slaughter was alleged to have discarded a plastic bag containing the controlled substance; by refusing to grant his motion for directed verdict on the charge of attempted trafficking; and by fixing a penalty contrary to that provided by the legislature. We affirm.

While Officers Brian Fuller and Brian Carter were patrolling an area of Covington in plainclothes during the early morning hours of October 8, 1998, Fuller drove a van past Slaughter, who was standing on a street corner. Slaughter nodded his head, so Fuller circled the block and pulled up near Slaughter. Slaughter approached the van, asked Fuller what he needed, and Fuller replied that he wanted a "20." Slaughter went into a building, and returned to say that he could get nothing smaller than a "50." Slaughter got in the passenger side of the van and had Fuller pull into an alley near an apartment complex. Slaughter asked Fuller if he was "the man," then reached over and felt the body armor under Fuller's shirt. Carter came from the rear of the van and attempted to restrain Slaughter, but Slaughter escaped and fled down an alley, dropping a plastic bag containing mesh copper filters. Slaughter was arrested approximately a block away, and the officers retrieved the bag.

Slaughter denied attempting to sell cocaine and claimed that he merely asked Fuller to give him a ride. He testified that he told the officer that he did not deal with drugs and pointed the officer to another man down the street. He stated that he did ask Fuller if he was "the man," and that he only ran when someone in the back of the van began choking him. He denied dropping a plastic bag.

Slaughter attempted to enter into evidence photographs taken on the morning of the second day of trial by an investigator with the public defender's office. He claimed that the alley was littered with other bags, and that the presence of other bags in the alley undermined the prosecution's assertion that the bag recovered was the same bag allegedly dropped by Slaughter. He claims the trial court erred by

failing to admit this evidence. We disagree.

Relevance is determined by whether the evidence offered tends to make the existence of any "fact that is of consequence to the determination of the action" more probable or less probable. KRE 401. Whether to admit or exclude evidence is a decision left to the discretion of the trial court, and we will not reverse that decision absent a showing of an abuse of that discretion. *Mullins v. Commonwealth*, Ky., 956 S.W.2d 210 (1997).

■ The trial court determined that the pictures did not represent the alley in the same or similar circumstances as the night of Slaughter's arrest. "The mere fact that a photograph was taken at a time different from the date of the incident in question does not render it inadmissible if it can be established as a substantial representation of the conditions as they then existed." *Turpin v.. Commonwealth*, Ky., 352 S.W.2d 66, 67 (1961). The proffered pictures are close-up pictures of a single plastic bag discarded up against a fence and were taken some seven months after the arrest. They do not support the assertion that the alley was littered with other plastic bags, nor do they show an accurate representation of the alley. The trial court acted within its discretion in excluding the evidence from the trial.

■ Slaughter next contends that the trial court erred by not granting his motion for directed verdict on the attempted trafficking charge. In ruling on a directed verdict motion, the trial court must draw all reasonable inferences from the evidence in favor of the Commonwealth and assume that the Commonwealth's evidence is true, leaving questions of weight and credibility to the jury. If the evidence would induce a reasonable juror to believe that the defendant is guilty, the directed verdict motion should be denied. *Commonwealth v.*

*Benham*, Ky., 816 S.W.2d 186, 187 (1991). "On appellate review, the test of a directed verdict is, if under the evidence as a whole, it would be clearly unreasonable for a jury to find guilt, only then the defendant is entitled to a directed verdict of acquittal." *Id.*

■ Slaughter argues that the evidence did not satisfy the requirements of KRS 506.010, which states that a person is guilty of attempt to commit a crime when, acting with the culpability required for the underlying offense, he "[i]ntentionally does or omits to do anything which, under the circumstances as he believes them to be, is a substantial step in a course of conduct planned to culminate in his commission of the crime." KRS 506.010(1)(b). KRS 506.010(2) states that "[c]onduct shall not be held to constitute a substantial step under subsection (1)(b) unless it is an act or omission which leaves no reasonable doubt as to the defendant's intention to commit the crime which he is charged with attempting." The "no reasonable doubt" requirement of this section is a matter for jury determination. *Commonwealth v. Prather*, Ky., 690 S.W.2d 396, 398 (1985).

■ "Substantial steps" are "overt acts '. . . which convincingly demonstrate a firm purpose to commit a crime, while allowing police intervention, based upon observation of such incriminating conduct, in order to prevent the crime when criminal intent becomes apparent.'" *Id.* at 397 (*quoting State v. Woods*, 48 Ohio St.2d 127, 132, 357 N.E.2d 1059, 1063 (1976).) The attempt to traffic in a controlled substance does not necessarily require the actual physical transfer of the substance; that constitutes more than a mere attempt. Slaughter's conversation with Fuller about the size of the purchase, his questioning of Fuller inside the van, and his feeling for body armor and subsequent flight consti-

tute incriminating conduct which demonstrates the purpose to commit the crime of trafficking in a controlled substance. The trial court did not err in denying the motion for directed verdict.

Finally, Slaughter argues that the trial court erred by fixing his penalty for attempting to traffic in a controlled substance, second or subsequent offense, as a class "C" felony. This argument has no merit. KRS 218A.1412 states that a person guilty of a second or subsequent offense of that statute is guilty of a class "B" felony. KRS 506.010(4)(c) provides that a criminal attempt is a class "C" felony when the crime attempted is a class "B" felony. The trial court properly fixed Slaughter's punishment for committing a class "C" felony.

The judgment of the Kenton Circuit Court is affirmed.

ALL CONCUR.