John COMBS, Sr., Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 2002–SC–0780–MR,
2004–SC–1005–MR.

Supreme Court of Kentucky.

April 20, 2006.

As Modified July 5, 2006.

Rehearing Denied and Modification
Denied Aug. 24, 2006.

Damon L. Preston, Appeals Branch Manager, Frankfort, Counsel for Appellant.

Gregory D. Stumbo, Attorney General, James Havey, Criminal Appellate Division, Frankfort, Counsel for Appellee.

Opinion of the Court by Justice COOPER.

A Perry Circuit Court jury convicted Appellant, John Combs, Sr., of one count of unlawful transaction with a minor in the first degree ("UTM 1st"), a Class B felony because the victim was less than sixteen years of age, KRS 530.064(1), (2)(b), and one count of sexual abuse in the first degree ("sexual abuse 1st"), a Class D felony, KRS 510.110(1)(b)2 & (2). The trial court entered judgment pursuant to the convictions and, in accordance with the recommendation of the jury, sentenced Appellant to prison for fifteen years for UTM 1st and five years for sexual abuse 1st, to run consecutively for a total of twenty years.

Appellant appeals to this Court as a matter of right, Ky. Const. § 110(2)(b), asserting the following as reversible errors: (1) insufficiency of the evidence to support his conviction of UTM 1st; (2) error in instructing the jury on sexual abuse 1st as a lesser included offense of UTM 1st; (3) a double jeopardy violation arising out of convictions of both UTM 1st and sexual abuse 1st for the same conduct; (4) the Commonwealth's failure to file a proper bill of particulars and to provide Appellant with exculpatory evidence; (5) error in permitting a social worker and a physician to bolster the victim's testimony with evidence of prior consistent statements; (6) failure of the trial court to grant a mistrial upon discovering that the jury foreman had exited the jury room during deliberations; and (7) failure of the trial court to dismiss the indictment upon learning that the Assistant Commonwealth's Attorney who presented the evidence to the grand jury failed to inform the grand jury of an extortion letter sent to Appellant by one of his alleged victims, M.W.[1]

---

1. Appellant gave the Assistant Commonwealth's Attorney the letter during a consulta-

The indictment charged Appellant with sixteen counts of sexual misconduct perpetrated against three minor females, M.W., C.W., and H.A. M.W. and C.W. are sisters and are not related by blood or marriage to Appellant. H.A. is Appellant's stepgranddaughter. M.W. had sent Appellant an extortion letter threatening to falsely accuse him of sexually molesting her if he did not respond to her demands for payment. There was evidence at trial that C.W. had instigated the extortion scheme. M.W. did not appear at trial, and the charges pertaining to any alleged sexual molestation of her were dismissed. The jury acquitted Appellant of all charges pertaining to alleged sexual molestation of C.W. Since Appellant was not convicted of any offenses against M.W. and C.W., his seventh assignment of error with respect to the extortion letter is moot and will not be addressed.

Counts 10 and 11 of the indictment charged Appellant with two unspecified acts of sexual abuse 1st against H.A.; counts 15 and 16 charged him with two unspecified acts of UTM 1st with H.A. At trial, the Commonwealth conceded that the conduct supporting the charges of sexual abuse 1st duplicated the conduct supporting the charges of UTM 1st. The upshot was that the trial court instructed the jury on two counts of UTM 1st with sexual abuse 1st as a lesser included offense of each count. As stated, under these instructions, the jury found Appellant guilty of one count of UTM 1st and one count of sexual abuse 1st. We now affirm Appellant's conviction of sexual abuse 1st and reverse Appellant's conviction of UTM 1st and remand that count of the indictment for a new trial on the lesser offense of sexual abuse 1st.

## I. SUFFICIENCY OF THE EVIDENCE.

H.A. lived with her parents in Breathitt County and visited with her grandmother and Appellant in Perry County on weekends. The incidents giving rise to these charges occurred during the summer of 1998 when H.A. was eight years old. H.A. testified that Appellant took her into his bedroom and "touched me on my private parts . . . my breast and my vagina." She testified to another occasion when Appellant digitally penetrated her vagina with his finger, which she described as painful. She testified that there were other occasions when he rubbed her breasts and vagina. She testified that she "did not want him to do it [these acts]." She also described an incident when Appellant masturbated in her presence while they were inside the cab of his pickup truck. She stated that Appellant tried to induce her to touch his penis on that occasion but that she refused. Dr. Elizabeth Spencer–Allen testified that she examined H.A. on March 8, 1999, when H.A. was nine years old, and found that H.A.'s anterior hymen was missing. She opined that this injury could have been caused by digital penetration.

■ KRS 530.064(1) provides:

A person is guilty of unlawful transaction with a minor in the first degree when he knowingly induces, assists or causes a minor to engage in illegal sexual activity, . . . except those offenses involving minors in KRS Chapter 531 [pornography and sexual exploitation of minors] and KRS 529.030 [prostitution].

■ We analyzed this statute at length in *Young v. Commonwealth,* 968 S.W.2d 670 (Ky.1998), *overruled on other grounds by Matthews v. Commonwealth,* 163

---

tion in which Appellant attempted to retain the attorney to represent him in the event M.W. brought charges against him. Appel-

lant claims the attorney advised him that he could not represent him because he was a prosecutor—but kept the letter.

S.W.3d 11, 26–27 (Ky.2005), concluding that "any sexual activity with a child less than twelve years of age is illegal, regardless of the age of the perpetrator." *Id.* at 672. However, we also concluded that "to induce" "signifies a successful persuasion; that the act has been effective and the desired result obtained," *id.* (quoting *State v. Miller*, 252 A.2d 321, 325 (Me.1969)); and that " 'to engage' denotes action and means 'to employ one's self; to take part in.' " *Id.* (quoting *Black's Law Dictionary* 528 (6th ed.1990)). "Thus, to complete the offense, the minor must consent to and actively participate in the activity." *Id.*[2] By H.A.'s own account that she "did not want him to do it," she did not consent to and actively participate in Appellant's fondling of her breasts and vagina or his digital penetration of her vagina. She specifically testified with respect to the masturbation incident that Appellant attempted to induce her to touch his penis but that she refused to engage in that activity. Thus, she did not testify to any activity that could constitute a violation of KRS 530.064(1).

KRS 510.110(1) provides in pertinent part:

A person is guilty of sexual abuse in the first degree when:

. . . .

(b) He subjects another person to sexual contact who is incapable of consent because he:

. . . .

2. Is less than twelve (12) years old

. . . .

"Sexual contact" is defined as "any touching of the sexual or other intimate parts of a person done for the purpose of gratifying the sexual desire of either party." KRS 510.010(7). The 1974 Commentary to KRS 510.010(7) explains that "sexual contact" includes "such acts as the manipulation of the genitals, digital penetration of the vagina, and non-consensual fondling of a woman's breast." Professors Lawson and Fortune assert matter-of-factly that "[d]igital penetration of the vagina . . . is sexual abuse." Robert G. Lawson & William H. Fortune, *Kentucky Criminal Law* § 11–6(a)(1), at 437 (1998).

Thus, all of the sexual conduct described by H.A., except the masturbation incident, constituted sexual abuse 1st, not UTM 1st. While the evidence of the masturbation incident would have supported an instruction on a lesser included offense of criminal attempt to commit UTM 1st, KRS 506.010(1)(b) & (2); *Young*, 968 S.W.2d at 673–74, an instruction on that offense was neither requested nor given. We note in passing that logic supports the legislature's determination to assign a more severe penalty to a violation of KRS 530.064(1)(b) than to a violation of KRS 510.110(1)(b), thus concluding that it is more egregious to induce a child to willingly engage in illegal sexual activity than to subject an unwilling child to illegal sexual conduct.

▮ The Commonwealth argues that the issue was improperly preserved because Appellant did not specifically object to the separate instructions on UTM 1st. "The proper procedure for challenging the sufficiency of evidence on one specific count is an objection to the giving of an instruction on that charge." *Seay v. Commonwealth*, 609 S.W.2d 128, 130 (Ky.1980). However, that rule applies only when there are two or more charges and the evidence is sufficient to support one or more, but not all, of the charges. In that event, the allegation of error can only be

**2.** "Consent," as used here, does not mean "legal consent." The law deems a person under the age of sixteen to be incapable of consent. KRS 510.020(3)(a). As used here, it means "to willingly engage in" the activity.

preserved by objecting to the instruction on the charge that is claimed to be insufficiently supported by the evidence. *Miller v. Commonwealth,* 77 S.W.3d 566, 577 (Ky. 2002); *Campbell v. Commonwealth,* 564 S.W.2d 528, 530–31 (Ky.1978); *Kimbrough v. Commonwealth,* 550 S.W.2d 525, 529 (Ky.1977). Here, on the other hand, neither charge of UTM 1st was sufficiently supported by the evidence. Thus, the error was preserved by Appellant's timely motions for a directed verdict of acquittal on both charges.

The Commonwealth argues that Appellant's motion for a directed verdict at the close of the Commonwealth's case was only a general motion to dismiss and did not specify the grounds for the motion as required by *Pate v. Commonwealth,* 134 S.W.3d 593, 597–98 (Ky.2004). The in-chambers hearing on the motions made at the conclusion of the Commonwealth's evidence with respect to all sixteen counts of the indictment consumes twenty-eight pages of the transcript of evidence. Defense counsel argued for a directed verdict of acquittal with respect to all charges pertaining to all three alleged victims, specifically citing as grounds that the evidence was insufficient for a reasonable juror to find guilt. Furthermore, Appellant had previously filed an *in limine* motion to dismiss the UTM 1st counts on the basis of the holding in *Young v. Commonwealth.* In the renewal of his motion at the conclusion of all the evidence, defense counsel again moved to dismiss both counts of UTM 1st, again directing the trial court to *Young* as authority for his motion. We conclude that the specificity requirement enunciated in *Pate* was more than satisfied by Appellant in this case.

■ The conviction of UTM 1st must be vacated and that count reversed for a new trial on the lesser included offense of sexual abuse 1st. In doing so, we note that the trial court's failure to instruct the jury on

criminal attempt to commit UTM 1st as a lesser included offense precludes charging Appellant with that offense as the primary offense at retrial. KRS 505.040(1)(a) provides:

> Although a prosecution is for a violation of a different statutory provision from a former prosecution ..., it is barred by the former prosecution under the following circumstances:
>
> (1) The former prosecution resulted in an acquittal, a conviction which has not subsequently been set aside, or *a determination that there was insufficient evidence to warrant a conviction,* and the subsequent prosecution is for:
>
>    (a) An offense of which the defendant could have been convicted at the first prosecution ....

(Emphasis added.) Specifically:

> KRS 505.040(1)(a) prohibits reprosecution for "lesser included offenses." For example, a defendant acquitted of murder may not be reprosecuted for assault if the latter charge involves the same conduct that was involved in the murder prosecution; similarly, one who is convicted of robbery may not be reprosecuted for theft for a taking of the same property; and, after a directed verdict of acquittal upon a burglary charge, a defendant could not be reprosecuted for criminal trespass for the entry that was involved in the initial prosecution.

Lawson & Fortune, *supra,* § 6–3(e)(3), at 249 (footnotes omitted). Therefore, the proscription against double jeopardy precludes the Commonwealth from prosecuting Appellant for criminal attempt to commit UTM 1st for the conduct at issue.

## II. INSTRUCTIONS ON SEXUAL ABUSE 1ST.

■ Appellant asserts that it was error to instruct the jury on sexual abuse 1st as

a lesser included offense of UTM 1st, contending that sexual abuse 1st was simply a separate uncharged offense for which no instruction was warranted. *Kotila v. Commonwealth,* 114 S.W.3d 226, 242 n. 3 (Ky. 2003), *overruled on other grounds by Matheney v. Commonwealth,* 191 S.W.3d 599 (Ky., 2006); *Houston v. Commonwealth,* 975 S.W.2d 925, 929 (Ky.1998). However, as noted in the preceding analysis, the only element that distinguishes UTM 1st from sexual abuse 1st is the victim's willing participation in the illegal conduct. If there is evidence to support a finding of willing participation, which the jury could believe or disbelieve, sexual abuse 1st is a lesser included offense of UTM 1st. In fact, with respect to one of the charges of UTM 1st, the jury obviously did not believe that H.A. was a willing participant and convicted Appellant of the lesser offense of sexual abuse 1st.

### III. DOUBLE JEOPARDY.

■ Appellant asserts that he was convicted of two offenses for the same conduct, thus violating the proscription against double jeopardy. However, H.A. testified to at least five separate instances of sexual abuse, *viz:* (1) fondling her breasts in the bedroom; (2) fondling her genitalia in the bedroom; (3) rubbing her breasts on another occasion; (4) rubbing her genitalia on another occasion; and (5) digitally penetrating her vagina on another occasion. These separate instances do not constitute a "continuing course of conduct." KRS 505.020(1)(c); *Williams v. Commonwealth,* 178 S.W.3d 491, 494–95 (Ky.2005) (defendant properly convicted of separate offenses pertaining to each of multiple nude photographs of child); *Welborn v. Commonwealth,* 157 S.W.3d 608, 612 (Ky.2005) (defendant properly convicted of three counts of assault for shooting victim three times over brief period of time); *Van Dyke v. Commonwealth,* 581 S.W.2d 563, 564 (Ky.1979) (defendant

properly convicted of two rapes and one sodomy perpetrated against the same victim over brief period of time); *Hennemeyer v. Commonwealth,* 580 S.W.2d 211, 214–15 (Ky.1979) (each shot fired at pursuing vehicle constituted a separate offense of wanton endangerment).

■ The error here was the failure of the jury instructions to factually differentiate between the separate offenses. *Miller v. Commonwealth,* 77 S.W.3d 566, 576 (Ky. 2002). However, Appellant did not object to the instructions on that ground; thus, the error is not preserved for appellate review. *Id.* at 576–77.

### IV. DISCOVERY VIOLATION.

■ The trial court entered a discovery order that essentially required the prosecutor to provide "open file" discovery. He also granted Appellant's motion for a bill of particulars. With respect to H.A., Appellant complains that the Commonwealth did not disclose in its bill of particulars or otherwise that H.A. would testify about the masturbation incident. However, a bill of particulars furnishes the accused with the details supporting the *charged offense.* RCr 6.22; *Brown v. Commonwealth,* 378 S.W.2d 608, 610 (Ky. 1964) ("The function of the bill of particulars in a criminal case is to provide information fairly necessary to enable the accused to understand and prepare his defense against the charges without prejudicial surprise upon trial. It is complementary to the shorter form of indictment."), *overruled on other grounds by Payne v. Commonwealth,* 656 S.W.2d 719 (Ky.1983). As noted above, the masturbation incident did not constitute either of the charged offenses, *i.e.,* UTM 1st or sexual abuse 1st; evidence of the masturbation incident was simply evidence of other, uncharged sexual misconduct perpetrated by Appellant against H.A.,

*i.e.*, indecent exposure in the first degree, KRS 510.148, and/or criminal attempt to commit UTM 1st. Appellant does not claim that the evidence was improperly admitted under KRE 404(b). *See Noel v. Commonwealth,* 76 S.W.3d 923, 931 (Ky. 2002); *Price v. Commonwealth,* 31 S.W.3d 885, 888 n. 4 (Ky.2000). Appellant's other discovery complaint pertains to the Commonwealth's failure to provide alleged exculpatory evidence with respect to the charges pertaining to abuse of M.W. That issue was mooted when those charges were dismissed.

## V. PRIOR CONSISTENT STATEMENTS.

Appellant asserts that Dr. Spencer–Allen and a social worker, Danette Berry, were improperly permitted to bolster H.A.'s testimony. Dr. Spencer–Allen related the history given to her by H.A., including that Appellant had fondled her, touching her breasts and genitalia. There was no contemporaneous objection to this testimony. Appellant had filed an *in limine* motion to suppress the doctor's report and to preclude the Commonwealth from calling her as a witness on grounds of bias. However, there was no specific motion to suppress the history related to Dr. Spencer–Allen by H.A. At trial, Appellant objected to the doctor's opinions on grounds that she was only an examining physician, not a treating physician. However, that distinction was abolished by the adoption of KRE 803(4). *Garrett v. Commonwealth,* 48 S.W.3d 6, 10–11 (Ky.2001). Since Appellant did not object at trial to Dr. Spencer–Allen's testimony that H.A. identified him as the perpetrator, we need not address the propriety of that testimony. However, *see Edwards v. Commonwealth,* 833 S.W.2d 842, 844–45 (Ky.1992) (holding statements of identity made to physician for purposes of diagnosis or treatment admissible in cases where abused child is being treated for psycho-logical injuries and perpetrator is a family member).

Danette Berry testified that she felt as though H.A. "was being sincere" during their conversations. Appellant's objection on grounds of "bolstering" was sustained, and the trial court admonished the jury to disregard the testimony. There was no motion for a mistrial; thus, Appellant received all the relief he requested. Later, Berry testified that she had identified Appellant as the perpetrator in H.A.'s case. Again, Appellant's objection was sustained. This time, he moved for a mistrial. The trial court overruled the motion but offered to give the jury another curative admonition, which defense counsel refused.

Whether to grant a mistrial is within the sound discretion of the trial court, and such a ruling will not be disturbed absent an abuse of that discretion. A mistrial is an extreme remedy and should be resorted to only when there appears in the record a manifest necessity for such an action or an urgent or real necessity. The error must be of such character and magnitude that a litigant will be denied a fair and impartial trial and the prejudicial effect can be removed in no other way . . . .

*Bray v. Commonwealth,* 177 S.W.3d 741, 752 (Ky.2005) (citations and quotations omitted). This is the type of error that is easily cured by an admonition. *Graves v. Commonwealth,* 17 S.W.3d 858, 865 (Ky. 2000). A jury is presumed to follow an admonition to disregard evidence; thus, the admonition cures any error. *Mills v. Commonwealth,* 996 S.W.2d 473, 485 (Ky. 1999).

There are only two circumstances in which the presumptive efficacy of an admonition falters: (1) when there is an overwhelming probability that the jury will be unable to follow the court's ad-

monition *and* there is a strong likelihood that the effect of the inadmissible evidence would be devastating to the defendant; or (2) when the question was asked without a factual basis *and* was "inflammatory" or "highly prejudicial." *Johnson v. Commonwealth*, 105 S.W.3d 430, 441 (Ky.2003) (citations omitted). The error encountered here could have been removed by a curative admonition, which the trial court offered but which Appellant refused. Thus, there was no manifest necessity for a mistrial, and the trial court did not abuse its discretion in denying the motion.

## VI. SEPARATION OF JURORS.

■■■■■ After the jury had been deliberating its guilt-phase verdicts for some time, but before the jury returned to open court, the foreperson of the jury left the jury room and walked down the hall to the judge's office, apparently intending to personally deliver the jury's verdicts to the judge. The judge's secretary would not accept the verdicts and directed the foreperson to return to the jury room, which he did. Shortly thereafter, all of the jurors returned to the courtroom and the foreperson delivered the verdicts to the judge in open court. At a hearing held on the issue, the trial court was able to account for the foreperson's whereabouts during his entire absence from the jury room, and it does not appear that the foreperson spoke with anyone except the judge's secretary. Appellant claims this incident warranted a mistrial. We disagree.

Criminal Rule 9.66 provides that jurors deliberating a felony charge "shall be sequestered unless otherwise agreed by the parties with approval of the court." That does not mean that each juror must remain constantly in the presence of the others. If that were so, jurors would not be permitted to take restroom breaks or to sleep in separate rooms during an overnight sequestration. The general rule is that a mere temporary separation of the jury is not grounds for reversal if it appears that no definite prejudice resulted and there was no opportunity to tamper with the jurors. 75B Am.Jur.2d *Trial* § 1505 (1992). That has long been the rule in Kentucky.

> There is more or less separation in the case of every jury required to be kept together under the law, it being a well known fact that it is a matter of practical impossibility to keep all twelve members of a jury in close contact with each other at all times .... [T]he trend of rulings has been towards a liberal application and a construction that a substantial compliance with the statute was sufficient unless there was some fact or circumstance indicating that a juror had been approached or an opportunity afforded to influence him.

*Lawson v. Commonwealth*, 278 Ky. 1, 127 S.W.2d 876, 877 (1939) (citations omitted).

*Gabow v. Commonwealth*, 34 S.W.3d 63, 73 (Ky.2000). *See also Smith v. Commonwealth*, 366 S.W.2d 902, 906 (Ky.1962); *Anderson v. Commonwealth*, 353 S.W.2d 381, 388 (Ky.1962) (jurors properly permitted to separate by being allowed to make telephone calls to relatives concerning their personal needs during overnight sequestration), *cert. denied*, 369 U.S. 829, 82 S.Ct. 847, 7 L.Ed.2d 795 (1962); *Hendrickson v. Commonwealth*, 259 S.W.2d 1, 5–6 (Ky.1953) (jurors properly permitted to stay in separate hotel rooms during overnight recess); *Marcum v. Commonwealth*, 256 S.W.2d 22, 23 (Ky.1953) (absent a showing or claim of misconduct, temporary absence of two jurors following restroom break did not constitute improper separation).

Accordingly, we affirm Appellant's conviction of sexual abuse in the first degree and the sentence imposed therefor, and reverse his conviction of unlawful transaction with a minor in the first degree and the sentence imposed therefor, and remand the latter count of the indictment to the Perry Circuit Court for a new trial on the lesser included offense of sexual abuse in the first degree.

LAMBERT, C.J.; GRAVES, JOHNSTONE, ROACH, and SCOTT, JJ., concur.

WINTERSHEIMER, J., concurs with so much of the opinion that affirms the conviction of first-degree sexual abuse, but dissents from the reversal of the conviction of unlawful transaction with a minor because the evidence supported conviction under both charges; the jury instructions were correct and there was no double jeopardy.