# IMPORTANT NOTICE
## <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: DECEMBER 15, 2016
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2015-SC-000691-MR

STEVEN DOUGLAS ROARK        APPELLANT

V.
       ON APPEAL FROM BELL CIRCUIT COURT
       HONORABLE ROBERT COSTANZO, JUDGE
       NO. 14-CR-00285

COMMONWEALTH OF KENTUCKY        APPELLEE

### MEMORANDUM OPINION OF THE COURT

### AFFIRMING

A grand jury charged Steven Douglas Roark with two counts of possession of a controlled substance first-degree, first offense; manufacturing methamphetamine, first offense; theft by unlawful taking value of less than $500; and of being a second-degree persistent felony offender (PFO). At trial, the jury convicted Roark of all these charges.

The trial court followed the jury's punishment recommendations, sentencing Roark to thirty days in the county jail on the theft charge and to three years' imprisonment to be served concurrently on each of the two possession charges. As to the methamphetamine-manufacturing charge—a Class B felony for the first offense as found by the jury—the trial court sentenced Roark to a maximum of ten years enhanced by the PFO conviction to

a maximum of twenty years' imprisonment. All sentences were ordered to be served concurrently.

Roark appeals the resulting judgment as a matter of right,[1] raising a single issue. He asserts that his conviction for manufacturing methamphetamine must be reversed because the Commonwealth introduced insufficient evidence at trial that he possessed two or more items of equipment used to manufacture methamphetamine, as specifically charged in the indictment. He argues that this issue is preserved for appellate review by his motion for a directed verdict that the trial court erroneously denied at the close of all the evidence. But the Commonwealth responds that Roark failed to preserve this issue for appeal when he failed to object to the trial court's jury instruction on the methamphetamine-manufacturing charge. We agree with the Commonwealth and affirm the judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND.

Roark, a suspected shoplifter, was arrested in a Walmart parking lot. In a search incident to his arrest, in addition to items of clothing stolen from Walmart and oxycodone, the police found Roark in possession of (1) a used coffee filter containing methamphetamine residue, (2) a can of Drano and second container of drain cleaner, and (3) pills suspected to contain ammonium nitrate, a chemical sometimes used in the making of methamphetamine.

---

[1] Ky. Const. § 110(2)(b).

Based upon these seized items, the indictment charged in Count III the offense of manufacturing methamphetamine "by possessing the equipment for manufacturing methamphetamine with intent to manufacture methamphetamine . . . " in violation of Kentucky Revised Statute 218A.1432(1)(b).[2] At trial, the Commonwealth introduced uncontroverted evidence that all of these items seized from Roark were commonly used to make methamphetamine.

At the close of the evidence, Roark's counsel moved for a directed verdict as to Count III only, stating simply: "I move for a directed verdict on the count of manufacturing methamphetamine. It requires two or more chemicals or two or more pieces of equipment, and I don't believe the Commonwealth has sufficiently proved it." The Commonwealth responded that its expert on methamphetamine manufacturing had testified to the existence of four items of manufacturing equipment found in Roark's possession—Drano, drain cleaner, a coffee filter, and pills of ammonium nitrate. Without additional argument from either side, the trial court denied the motion.

The written jury instruction the trial court distributed to counsel and ultimately gave to the jury on the manufacturing-methamphetamine charge permitted the jury to find Roark guilty if satisfied from the evidence beyond a

---

[2] KRS 218A.1432(1) A person is guilty of manufacturing methamphetamine when he knowingly and unlawfully:

> (b) With intent to manufacture methamphetamine possesses two (2) or more chemicals or two (2) or more items of equipment for the manufacture of methamphetamine.

> (c) Manufacture of methamphetamine is a Class B felony for the first offense and Class A felony for a second or subsequent offense.

reasonable doubt that Roark "knowingly had in his possession with the intent to manufacture methamphetamine two or more items of equipment for its manufacture." When asked if she agreed to the trial court's proposed instructions, Roark's counsel responded simply, "Yeah, they're fine."

## II. Analysis.

Roark argues on appeal that the judgment must be reversed because the trial court abused its discretion by failing to grant his directed-verdict motion on the methamphetamine-manufacturing charge because the Commonwealth's evidence, at best, proved the existence of two or more chemicals but not two or more items of equipment, as the jury was specifically instructed. The Commonwealth argues in response that the trial court did not err in denying a directed verdict of acquittal on that charge because of the unrebutted testimony of its expert. But as a threshold matter, the Commonwealth contends that Roark's failure-of-proof issue is not preserved for appellate review.

Case law guides us in determining whether Roark's directed-verdict motion sufficiently apprised the trial court that he objected to submitting the case to the jury because of insufficient evidence of Roark's knowing possession of two items of *equipment* with intent to manufacture methamphetamine. In *Seay v. Commonwealth*, we stated "[t]he proper procedure for challenging the sufficiency of evidence on one specific count is an objection to the giving of an instruction in that charge."[3] We further elaborated this rule by stating, "[t]hat

---

[3] *Seay v. Commonwealth*, 609 S.W.2d 128, 130 (Ky.1980).

4

rule applies only when there are two or more charges and the evidence is sufficient to support one or more, but not all, of the charges. In that event, the allegation of error can only be preserved by objection to the instruction on the charge that is claimed to be insufficiently supported by the evidence."[4]

Roark argues that his facts are different from those in *Seay* because the directed-verdict motion in *Seay* was a general motion, while his was a specific motion. We recognize that perhaps Roark did make a specific directed-verdict motion regarding the absence of proof by the Commonwealth regarding two or more *chemicals or equipment,* but we fail to find that this distinction changes the procedural requirements for preserving his objection.[5]

Roark's failure to object to the giving of the jury instruction, which Roark contends was not supported by the evidence, is a crushing blow to his appeal.[6] Having failed to preserve this alleged error on appeal, we need not delve into the sufficiency-of-the-evidence argument Roark presents on appeal. Roark did not request palpable-error review.

### III. Conclusion.

For the above reasons, the ruling of the lower court is affirmed.

All sitting. Minton, C.J.; Cunningham, Hughes, Noble, Venters and Wright, JJ., concur. Keller, J., concurs in result only.

---

[4] *Combs v. Commonwealth,* 198 S.W.3d 574, 578-79 (Ky. 2006) (citing *Miller v. Commonwealth,* 77 S.W.3d 566, 577 (2002); *Campbell v. Commonwealth,* 564 S.W.2d 528, 530-31 (Ky. 1978); *Kimbrough v. Commonwealth,* 550 S.W.2d 525, 529 (Ky. 1977)).

[5] *Seay,* 609 S.W.2d at 130.

[6] *Id.*

COUNSEL FOR APPELLANT:

Roy Alyette Durham II
Department of Public Advocacy

COUNSEL FOR APPELLEE:

Andy Beshear
Attorney General of Kentucky

Joseph Todd Henning
Assistant Attorney General