LUTEN v. TOWN OF LEE et al.

(District Court, D. Massachusetts. July 29, 1913.)

No. 225 (C. C. 801).

PATENTS (§ 260*)—INFRINGEMENT—WHAT CONSTITUTES.

The fact that a town adopted plans for bridges which embodied a construction covered by patents, and advertised and accepted bids thereon, does not render either the town or bidder liable for infringement, where, on learning of the patentee's claim, the plans were changed, and the patented construction was not used.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 359; Dec. Dig. § 260.*]

In Equity. Suit by Daniel B. Luten against the Town of Lee and Frank R. Harding. On final hearing. Decree for defendants.

Jones, Addington, Ames & Seibold and F. H. Drury, all of Chicago, Ill., for complainant.

Herbert C. Joyner and Mooers & Whiting, all of Boston, Mass., for defendants.

DODGE, Circuit Judge. The bill charges the defendants with joint contributory infringement of United States patents 853,202 and 853,-203, issued to the plaintiff May 7, 1907. The first patent is for an arch structure; the second, for an arch. The infringement by the defendant town consisted, according to the bill, in knowingly and willfully causing plans and specifications embodying the patented inventions to be prepared for two concrete arch structures to be erected in said town. The infringement by the other defendant, Frank R. Harding, consisted, according to the bill, in knowingly and willfully contracting to erect the two concrete arch structures on plans and specifications furnished by the defendant town and embodying the patented inventions. The bill seeks an injunction and an accounting.

The defendants have not questioned the validity of the patents sued on, but each denies any infringement of them by him.

It is not disputed that the defendant town, by vote at its annual meeting in April, 1910, appropriated $3,400 to defray the expense of building two new bridges on one of its public roads. It does not appear that the vote provided for any particular kind of bridge. The selectmen of the town, having charge of the construction and repair of its highways and bridges, thereupon decided to build the two bridges of concrete, and they employed Heaphy, a resident of the town, to draw plans for such bridges. He did so, and the selectmen then advertised for bids to build the bridges according to Heaphy's plans. Three bids were received. The defendant Harding was one of the three bidders, and his bid was the lowest of the three. It is not disputed that bridges built according to Heaphy's plans would have embodied the patented inventions. But the selectmen, having learned, after the bids were in, for the first time, that the fact was so, and that the plaintiff would claim a royalty of 10 per cent. if the bridges were built as planned by Heaphy, discarded the plans altogether, and let Harding build two flat concrete bridges for the town, which did not embody the patented inventions, instead of those planned as above.

Even if it be conceded that Heaphy's embodiment of the patented inventions in his plans would have been contributory infringement, and chargeable to the town, if the bridges had been built as planned, I am unable, upon the case as it stands, to regard it as an infringement of any kind. The patented inventions were never used. Embodying them in the plans was, at most, evidence of an intent to use them, and in this aspect is further referred to below. I hold that no actual infringement on the part of the town is shown.

As to the defendant Harding, he is not shown to have done anything more than submit the lowest of the three bids for the construction planned by Heaphy. I regard the evidence as insufficient to show that any contract was ever entered into between him and the town for that construction; but, if such a contract was ever made, it was abandoned by mutual consent before anything was done under it by either party, and I should be unable to hold that by reason of it either party, or both together, could be held guilty of infringement, contributory or otherwise.

While paragraph 7a, added to the bill by amendment after it was filed, but before it was answered, alleges that the defendants have become infringers, paragraph 6 alleges that the plaintiff fears that, when the structures planned are erected, they will contain his patented inventions, but does not know to what extent these have been used by the town at the time of filing his bill; and in paragraph 7 he alleges the same fear, but says he does not know to what extent his inventions have been used by Harding, at the time of filing the bill. He prays discovery as to both these matters.

It appears from the evidence in the case that the bids above mentioned were advertised for in July, 1910, that the bids were received about August 1, 1910, and that on August 13th there was an interview at Lee between the plaintiff and the selectmen, at which he threatened them with a suit for infringement if they used Heaphy's plans without paying him royalty, and finally with a suit in any event. The

noninfringing bridges actually built were constructed in September, 1910. An express notice in writing, sent by the selectmen to the National Bridge Company, whereof the plaintiff was president, upon some date not definitely fixed by the evidence, but not long after the interview of August 13, 1910, was testified to. Whether this express notice actually reached the plaintiff or not before he filed his bill in this case on October 24, 1910, the selectmen had told him on August 13th that they would make no contract on the Heaphy plans until the patent question was settled, and had also told him that they could build a flat bridge without infringing his patents, to which suggestion he had assented. In view of these circumstances, and of the fact that, although the plaintiff lives in Indianapolis, his sole representative in New England (Denman), present with him at the interview of August 13th, lived no further from Lee than Springfield, Mass., I am unable to believe that the plaintiff had any real and substantial reason on October 24, 1910, for fearing or apprehending that the town or Harding were to infringe his patents. Any intention to do so, evidenced by the town's adoption of the plans or the bids made thereon, was abandoned when they undertook to build the flat bridges, and the plaintiff does not show, either that he was ignorant that such intention had been abandoned, or that he could not reasonably have been expected to know it before October 24th. Concealment of what the town was doing can hardly be supposed possible. I am unable to believe that an injunction, for which only the plaintiff now asks, would be justifiable under the circumstances.

There may be a decree dismissing the bill, with costs.