## POPULAR MECHANICS CO. v. BROWN.

(Circuit Court of Appeals, Seventh Circuit. August 10, 1917.)

No. 2433.

PATENTS ⊖259—"CONTRIBUTORY INFRINGEMENT."

The publication in a magazine of a cut of a garage, with a general description from which a skilled mechanic might build a structure which would infringe a patent, did not constitute contributory infringement, in the absence of proof that any one had made or intended to make such use of the article, since, for one to be chargeable with contributory infringement, there must be a direct infringement, existing or threatened.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Contributory Infringement.]

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit in equity by Stewart Brown against the Popular Mechanics Company. From an order granting a preliminary injunction, defendant appeals. Reversed.

T. Hart Anderson, of New York City, and Benjamin T. Roodhouse, of Chicago, Ill., for appellant.

Jacob C. Le Bosky, of Chicago, Ill., for appellee.

Before BAKER, MACK, and EVANS, Circuit Judges.

BAKER, Circuit Judge. This is an appeal from a preliminary injunction restraining appellant, publisher of the Popular Mechanics magazine, from contributory infringement of appellee's patent No. 1,175,506, March 14, 1916, for a garage.

Appellant's offense consisted of publishing in the reading section of its August, 1916, number a picture in perspective of a garage and a 20-line general description (without plans and specifications) from which a sufficiently skilled reader might erect a structure embodying the idea of the patent; and the decree enjoined the circulation of that issue. But appellee had no monopoly of the news that he had obtained such a patent. Appellant's real offense therefore was in publishing the

description without stating at the same time that the structure was patented.

No proof is in the record that appellant either had built or was threatening to build a garage of the patented type. Consequently there was no basis for a finding of direct infringement, actual or impending. For one to be guilty of contributory infringement, there must be a direct infringement, existing or threatened—something to which to contribute. No proof was made that any reader had·erected or was about to erect such a garage; or that any reader was accustomed to avail himself of the instructive matter in Popular Mechanics beyond his fireside and easy chair; or that the bare possibility that there was somewhere a reader who some time might act upon the information was in truth a greater possibility than if the article had also stated that appellee had obtained a patent on the structure. ˌBut at all events a possibility is not a threat. In our judgment, therefore, no basis existed for a finding of contributory infringement. Compare Luten v. Town of Lee (D. C.) 206 Fed. 904; Walker on Patents, § 407; Toppan v. Tiffany Car Co. (C. C.) 39 Fed. 420.

The decree is reversed, and the cause remanded, for further proceedings not inconsistent with the opinion.