Llewellyn A. HAUTAU and Charles F. Hautau, Plaintiffs,

v.

KEARNEY & TRECKER CORPORATION, a Wisconsin corporation, Defendant.

No. 19404.

United States District Court
E. D. Michigan, S. D.

Dec. 24, 1959.

Colman, Nord & Krass, Southfield, Mich., for plaintiffs.

Dickinson, Wright, Davis, McKean & Cudlip, Detroit, Mich., for defendant.

FREEMAN, District Judge.

This is a motion to dismiss pursuant to Rule 12, F.R.Civ.P. 28 U.S.C.A. arising out of an action for patent infringement brought by the plaintiffs against the defendant, a Wisconsin corporation.

The sole ground for the motion is an allegation that there is no venue in this district.

In essence, the complaint alleges that the defendant corporation is manufacturing infringing machines in Wisconsin and is "actively inducing" third parties to infringe the plaintiffs' patent in this district by soliciting orders through defendant's agents in its sales office in the City of Detroit, Michigan.

From the briefs and the oral argument, it became apparent that plaintiffs do not claim that defendant committed any acts other than to solicit orders for the allegedly infringing machine in this district.

The parties are agreed that venue in this action is controlled by 28 U.S.C.A. § 1400(b), which provides:

> "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant

has committed acts of infringement and has a regular and established place of business."

The plaintiffs claim venue under the last part of the above statute and must therefore show (1) that the defendant has a regular and established place of business in this district and (2) that defendant has committed an act of infringement in this district.

Both of the above facts are alleged in the complaint and are denied by defendant.

To determine what constitutes an act of infringement, we must turn to 35 U.S.C.A. § 271, which provides, in pertinent part:

"(a) Except as otherwise provided for in this title, whoever without authority makes, uses or sells any patented invention, within the United States during the term of the patent therefor, infringes the patent."

The plaintiffs do not claim that either the defendant or anyone else made, sold or used the allegedly infringing machine in this district. The precise issue is, therefore, whether or not the mere alleged solicitation of orders within this district, not resulting in any sale, constitutes a good allegation of "actively inducing infringement" pursuant to 35 U.S.C.A. § 271(b).

■ It is a well accepted rule of statutory construction that, whenever possible, words should be given their common meaning. Old Colony R. Co. v. Commissioner of Int. Rev., 284 U.S. 552, 52 S. Ct. 211, 76 L.Ed. 484.

In Webster's New International Dictionary, 2d Ed., the word "induce" is defined as "to bring on or about; to effect; cause," etc., in the transitive sense and as "to be persuasive; to use influence, argument, or the like, in persuasion" in the intransitive sense. Although not entirely unequivocal, these definitions indicate that the word "induce" commonly denotes an act that is effective and has specific results rather than a mere unsuccessful attempt to bring about these results. By the same token, the definition of "induce" given in Black's Law Dictionary, 4th ed., is "to bring on or about, to effect, cause, to influence to an act or course of conduct, lead by persuasion or reasoning, incite by motives, prevail on," citing State v. Stratford, 55 Idaho 65, 37 P.2d 681.

It therefore appears that the common, ordinary meaning of "induce" seems to be one involving *causation* and that the term "induce" is to be strictly differentiated from "attempt to induce."

An analysis of the pertinent statutes and consideration of the relevant legislative history leads to the same result.

It should first be noted that the applicable venue statute, 28 U.S.C.A. § 1400 (b), requires an *act* of infringement. Acts of infringement are then defined by 35 U.S.C.A. § 271(a) as the making, using or selling of a patented invention, while 35 U.S.C.A. § 271(b) makes persons who "actively induce" infringement liable as infringers. It seems clear that, although 35 U.S.C.A. § 271(b) establishes liability, it does not add another *act* of infringement to the exclusive definition of such acts contained in § 271(a).

■ But, even if it is assumed that "active inducement" constitutes an act of infringement, the legislative history of § 271(b) indicates that Congress did not intend to impose liability on persons for activities not actually resulting in direct infringement. In Senate Report No. 1979, 1952 U. S. Code Congressional and Administrative News, p. 2421, the following statement appears:

"The first paragraph of this section is declaratory only, *defining* infringement.

"Paragraphs (b) and (c) define and limit contributory infringement of a patent and paragraph (d) is ancillary to these paragraphs, see preliminary general description of bill. One who actively induces infringement as by *aiding and abetting* the same is liable as an infringer, and so is one who sells a component part of a patented invention

of material or apparatus for use therein knowing the same to be especially made or especially adapted for use in the infringement of the patent except in the case of a staple article or commodity of commerce having other uses. A patentee is not deemed to have misused his patent solely by reason of doing anything authorized by the section." [Emphasis supplied.]

The use of the term "aiding and abetting" in this report to illustrate the active inducement of infringement is significant insofar as there can be no doubt that the term "aiding and abetting" has been traditionally used to describe activities which supported the completed act of another.

 It is also to be noted that § 271(b) and (c) were designed to define and codify contributory infringement which, prior to the enactment of these sections, had been regulated by a substantial body of case law. According to well established principles of statutory construction, a statute must be construed in accord with the common law, unless clearly in derogation of such common law. The common law of contributory infringement, however, was that there could be no contributory infringement without an infringement to which to contribute or, in other words, without actual infringement. 69 C.J.S. Patents § 305, p. 883 and Popular Mechanics Co. v. Brown, 7 Cir., 1917, 245 F. 859. Since the term "actively induce infringement" is not clearly in derogation of the common law of contributory infringement, this court must conclude that Congress intended this term to cover situations in which actual infringement results from "active inducement."

This conclusion is further supported by several decisions from other districts. See: Jones v. Radio Corp. of America, D.C.S.D.N.Y.1955, 131 F.Supp. 82; Deering, Milliken & Co. v. Temp-Resisto Corp., D.C.S.D.N.Y.1958, 160 F.Supp. 463; Welding Engineers, Inc. v. Aetna-Standard Eng. Co., D.C.W.D.N.Y.1958, 169 F.Supp. 146.

In the Welding Engineers case, in particular, the precise issue now before this court was disposed of by Judge Marsh. In that case, defendant made a motion to dismiss for lack of venue. One of plaintiff's contentions was that advertising the infringing devices in Pennsylvania constituted an act of infringement and sustained venue in that district. Judge Marsh granted the motion to dismiss and said on page 149:

"No case found by us or called to our attention supports the proposition that advertising and solicitation of orders alone constitutes an act of infringement."

This court agrees.

The motion to dismiss is granted and an appropriate order may be submitted.