IN THE COURT OF APPEALS

FILED BY CLERK

JUN 20 2011

COURT OF APPEALS
DIVISION TWO

| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | 2 CA-CR 2010-0235 |
| | ) | DEPARTMENT B |
| Appellee, | ) | |
| | ) | O P I N I O N |
| v. | ) | |
| | ) | |
| RICKY GRAY, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause Nos. CR20093253 and CR20094054

Honorable Christopher C. Browning, Judge

VACATED IN PART, MODIFIED, AND REMANDED

Thomas C. Horne, Arizona Attorney General
  By Kent E. Cattani and Laura P. Chiasson                     Tucson
                                                    Attorneys for Appellee


West, Christoffel & Zickerman, PLLC
  By Anne Elsberry                                            Tucson
                                                   Attorneys for Appellant

K E L L Y, Judge.

**¶1** After a jury trial, appellant Ricky Gray was convicted of one count each of aggravated domestic violence, tampering with a witness, and influencing a witness. The trial court found Gray had two historical prior felony convictions and sentenced him to enhanced, presumptive, concurrent terms of imprisonment, the longest of which is five years. Counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Clark*, 196 Ariz. 530, 2 P.3d 89 (App. 1999), avowing she had conscientiously searched the record and found no arguable issues to raise on appeal.

**¶2** In our review of the record pursuant to *Anders*, we identified an issue arguably constituting fundamental error and ordered the parties to file supplemental briefs addressing whether, to support Gray's conviction for tampering with a witness under A.R.S. § 13-2804, the state was required to prove that a witness actually had unlawfully withheld testimony, testified falsely, or failed to obey a summons as a result of Gray's conduct and, if so, whether the state had sustained its burden of proof.[1] *See Penson v. Ohio*, 488 U.S. 75, 83-84 (1988) (further briefing required when *Anders* review presents arguable appellate issue); *State v. Jones*, 182 Ariz. 243, 244, 895 P.2d 1006,

---

[1]Because Gray did not raise this issue during his trial, and thus failed to provide the trial court with an opportunity to resolve it, we review only for fundamental error. *See State v. Henderson*, 210 Ariz. 561, ¶ 19, 115 P.3d 601, 607 (2005). We recognize, however, that the state's failure to prove each element of an offense of conviction would be fundamental error, as it constitutes "'error going to the foundation of the case'" and would necessarily deprive a defendant of a fair trial. *Id.*, *quoting State v. Hunter*, 142 Ariz. 88, 90, 688 P.2d 980, 982 (1984); *see also State v. Zinsmeyer*, 222 Ariz. 612, ¶ 27, 218 P.3d 1069, 1080 (App. 2009) ("A conviction based on insufficient evidence constitutes fundamental error.").

1007 (App. 1994) (state "must prove beyond a reasonable doubt every element of the offense charged").

¶3        We view the facts in the light most favorable to sustaining the jury's verdicts. *State v. Chappell*, 225 Ariz. 229, n.1, 236 P.3d 1176, 1180 n.1 (2010). So viewed, evidence at trial established the following. Gray initially was charged with aggravated assault and aggravated domestic violence stemming from a May 2009 altercation with his girlfriend, Denise J. In early June 2009, Denise received a letter from Gray, in which he had asked her to avoid contact with attorneys and the court and to refrain from answering her door or responding to "court papers." Denise destroyed the letter and obtained an order of protection prohibiting Gray from having any contact with her; the order was served on Gray on June 24, 2009.

¶4        When Denise received additional letters from Gray, she contacted Tucson Police Department detective Michael Kishbaugh, who had investigated the May altercation. She gave Kishbaugh two unopened letters, dated June 22 and July 28, 2009. Kishbaugh testified he was concerned about the contents of each of the letters and noted that, in the June 22 letter, Gray had exhorted Denise, "[J]ust tell them you don't want nothing [sic] to do with this case," and, "Don't show up for any court dates." Gray had made similar requests in his July 28 letter to Denise, adding, "I will make it up to you. When I get back to work, I will give you my check again." Gray then was charged with tampering with a witness and aggravated domestic violence in connection with his June 22 letter and, in a separate indictment, with influencing a witness and aggravated domestic violence in connection with his July 28 letter. Both cases were consolidated for

3

trial with the original aggravated assault and aggravated domestic violence charges for the May 2009 altercation. Denise appeared at Gray's trial and, consistent with her previous statements, testified that, in May 2009, Gray had beaten and choked her and had struck her in the head with a mirror, causing her to suffer a fractured nose and cheek. She also testified about the letters she subsequently received from Gray. The jury convicted Gray of tampering with a witness arising from his June 22 letter to Denise, and with influencing a witness and aggravated domestic violence, based on his interference with judicial proceedings, arising from his July 28 letter.[2]

**Discussion**

¶5       We review issues of statutory construction de novo. *State v. Estrada*, 201 Ariz. 247, ¶ 15, 34 P.3d 356, 359 (2001). In construing § 13-2804, we are mindful that "'the best and most reliable index of a statute's meaning is its language and, when the language is clear and unequivocal, it is determinative of the statute's construction.'" *State v. Aguilar*, 209 Ariz. 40, ¶ 26, 97 P.3d 865, 873 (2004), *quoting Janson v. Christensen*, 167 Ariz. 470, 471, 808 P.2d 1222, 1223 (1991). We rely on the commonly accepted meaning of a statutory term, unless the legislature has defined it or it appears from its context that another meaning is intended. *State v. Reynolds*, 170 Ariz. 233, 234, 823 P.2d 681, 682 (1992). In doing so, "we may consider the definitions of respected dictionaries." *Rigel Corp. v. State*, 225 Ariz. 65, ¶ 19, 234 P.3d 633, 637 (App. 2010).

---

[2] The jury acquitted Gray of the May 2009 aggravated assault and aggravated domestic violence charges in the original indictment and of the aggravated domestic violence charge which arose from Gray's June 22 letter.

Only if the plain meaning of the statute remains unclear will we then resort to other means of statutory construction, "such as the context of the statute, its historical background, its effects and consequences, and the spirit and purpose of the law." *State ex rel. Winkleman v. Ariz. Navigable Stream Adjudication Comm'n*, 224 Ariz. 230, ¶ 24, 229 P.3d 242, 253 (App. 2010).

**¶6**        Section 13-2804(A) provides, in relevant part:

> A person commits tampering with a witness if such person knowingly induces a witness in any official proceeding or a person he believes may be called as a witness to:
>
> 1. Unlawfully withhold any testimony; or
> 2. Testify falsely; or
> 3. Absent himself from any official proceeding to which he has been legally summoned.

As reflected in Gray's indictment for tampering, and acknowledged by the state, Gray was charged with "induc[ing] [Denise J.] . . . to unlawfully withhold testimony." The term "induce" is not defined by statute.

**¶7**        In response to our request for further briefing, both Gray and the state rely on the following definition of "induce" once found in *Black's Law Dictionary*: "To bring on or about, to affect, cause, to influence to an act or course of conduct, lead by persuasion or reasoning, incite by motives, prevail on." *Black's Law Dictionary* 775 (6th ed. 1990).[3] Gray maintains this definition denotes "a cause and effect requirement" and therefore, to be convicted of tampering with a witness, "the defendant's actions must

---

[3]More recent editions of *Black's Law Dictionary* do not include a definition of "induce." *See, e.g.*, *Black's Law Dictionary* 779 (7th ed. 1999), 790 (8th ed. 2004).

*actually* cause the potential witness to withhold testimony, testify falsely or absent himself from proceedings." In contrast, the state argues that although "this definition includes inducement that actually results in another person engaging in the desired activity, . . . inducement is complete when a person *influences*, *leads*, or *prevails* on another to take the course of action, and does not depend on whether the person actually takes that action."

¶8         Whether the use of the term "induces" in § 13-2804 requires proof that a defendant has succeeded in causing another to unlawfully withhold testimony is a matter of first impression in Arizona courts. In other contexts, federal and other state courts have found dictionary definitions of induce "signif[y] a successful persua[s]ion; that the act has been effective and the desired result obtained." *State v. Miller*, 252 A.2d 321, 324-25 (Me. 1969) (charge of inducing another to take indecent liberties requires proof that "the persuasion has resulted in the doing of the indecent act"); *see also Hautau v. Kearney & Trecker Corp.*, 179 F. Supp. 490, 492 (E.D. Mich. 1959) (patent infringement; "the common, ordinary meaning of 'induce' seems to be one involving causation and . . . the term 'induce' is to be strictly differentiated from 'attempt to induce'"); *Combs v. Commonwealth*, 198 S.W.3d 574, 578 (Ky. 2006) (construing statute prohibiting "unlawful transaction with a minor" to require minor's participation); *Commonwealth v. Foley*, 506 N.E.2d 1160, 1161 & n.1 (1987) (construing charge of "'induc[ing a] person under eighteen of chaste life to have unlawful sexual intercourse'" to require act of sexual intercourse) (alteration in original).

6

¶9 We agree with the court in *Hautau* that some definitions of induce "[are] not entirely unequivocal."[4] 179 F. Supp. at 492. The following definition may be the most precise: "induce . . . to move by persuasion or influence"; "to call forth or bring about by influence or stimulation"; "EFFECT, CAUSE"; or "to cause the formation of." *Merriam-Webster's Collegiate Dictionary* (11th ed. 2004). We recognize that a dictionary definition may not be conclusive and, because "context gives meaning," statutory terms should not be considered in isolation. *United States v. Santos*, 553 U.S. 507, 512 (2008). But, notwithstanding the state's arguments to the contrary, we find no reason to depart from the ordinary meaning of the term "induce" when we consider it in the context of title 13, chapter 28 and its legislative history. *See Reynolds*, 170 Ariz. at 234, 823 P.2d at 682.

¶10 The state concedes that, "when read in conjunction with other statutes in the same chapter, § 13-2804 arguably could be read to require that the witness actually change his conduct as a result of the defendant's efforts," noting that A.R.S. § 13-

---

[4]In addition to the definition of "induce" found in *Black's Law Dictionary*, the cases cited above variously considered definitions found in *Webster's New International Dictionary* (2d ed. 1934), *see Hautau*, 179 F. Supp. at 492 ("'to bring on or about; to effect; cause'"; also citing *Black's Law Dictionary* (4th ed. 1951)); *Miller*, 252 A.2d at 324-25 (same), and *Webster's Third New International Dictionary* (1971), *see Foley*, 506 N.E.2d at 1161 n.1 ("'to move and lead (as by persuasion or influence); prevail upon; influence, persuade'"). Similarly, in *Standard Chartered PLC v. Price Waterhouse*, Division One of this court relied on the definition found in *Webster's Third New International Dictionary* to construe the use of "induced" in A.R.S. § 44-2003, adding the dictionary's further comment that "'[i]nduce may indicate overcoming indifference, hesitation, or opposition, usu. by offering for consideration persuasive advantages or gains that bring about a desired decision . . . .'" 190 Ariz. 6, 21-22, 945 P.2d 317, 332-33 (1997), *quoting Webster's Third New International Dictionary* 1154 (1969), *cited with approval by Grand v. Nacchio*, 225 Ariz. 171, ¶¶ 19, 22, 236 P.3d 398, 402 (2010).

2802(A) ("Influencing a Witness"), prohibits one from engaging in specific conduct, directed toward another, "with intent to . . . [i]nduce that person to avoid legal process" or to "[i]nduce that person to absent himself from any official proceeding to which he has been legally summoned." The state thus acknowledges that "the legislature may have used the word 'induce' [in § 13-2804] to define conduct which successfully effectuates a change in the witness'[s] behavior, while 'with intent to induce' [in § 13-2802] might refer to conduct that is intended (but fails) to do so."

¶11        But in its supplemental brief and at oral argument, the state argued we should reject this construction because it would render meaningless the statute's prohibition against tampering with "a person [the defendant] believes may be called as a witness." According to the state, the legislature used this language to prohibit conduct intended to dissuade any person from testifying truthfully, even a person whom the defendant "mistakenly" believes might be called to testify. Because such a person would never actually be in a position to withhold or falsify testimony, the state argues we would render this prohibition meaningless if we construe "induce" as requiring a defendant's conduct to effect that result. *See, e.g.*, *Williams v. Thude*, 188 Ariz. 257, 259, 934 P.2d 1349, 1351 (1997) (courts avoid statutory construction rendering clause void, inert, redundant, or trivial).

¶12        After review of other statutes found in title 13, chapter 28, as well as their predecessor statutes and related case authority, we conclude that according "induce" its common meaning would not nullify the legislature's reference to "a person [a defendant] believes may be called as a witness." Contrary to the state's assertion, the legislature

8

may have used this phrase to include potential witnesses not yet identified or summoned who, as a result of the defendant's inducements, may successfully evade process. *Cf.* A.R.S. § 13-2810(A)(2), (3) (prohibiting interfering with judicial proceedings by knowingly resisting process). In the absence of such language, one charged with the offense of tampering with a witness might defend on the ground that, at the time he exerted his influence, the other person had neither been named as a witness nor been called to testify.

¶13 Our supreme court addressed a similar concern in *State v. Ferraro*, 67 Ariz. 397, 399-400, 198 P.2d 120, 121-22 (1948) (construing Ariz. Code Ann. § 43-3906 (1939)). In that case, the court rejected a defendant's suggestion that a statute prohibiting bribery of "any witness or person about to be called as a witness" was restricted to "those already served with subpoena or under legal process to appear as witnesses in pending actions." The court instead concluded that the statute prohibited bribing "'any person in contemplation of his becoming a witness'" and held the phrase encompassed "those who are as yet only prospective or contemplated witnesses." *Id.*, *quoting People v. McAllister*, 277 P. 1082, 1084 (Cal. Dist. Ct. App. 1929); *see also State v. Bailey*, 213 P.3d 1240, 1244 (Or. 2009) (Oregon statute prohibiting tampering with witness or person one "believes may be called as a witness in any official proceeding" prohibited conduct that preceded initiation of official proceeding).

¶14 The legislature's inclusion of "a person who [the defendant] believes may be called as a witness" similarly precludes a defense based on a restrictive construction of the term "witness" and clarifies the application of the statute. Thus, this language is not

9

rendered meaningless by requiring that, before a defendant is convicted of having induced a person to withhold testimony or testify falsely, both cause and effect must be shown. Moreover, even if we were to conclude that the meaning of § 13-2804 is unclear or subject to more than one interpretation, "'the rule of lenity requires us to resolve any ambiguity in favor of the defendant.'" *State v. Lockwood*, 222 Ariz. 551, ¶ 4, 218 P.3d 1008, 1010 (App. 2009), *quoting Reinesto v. Superior Court*, 182 Ariz. 190, 192, 894 P.2d 733, 735 (App. 1995).

¶15 Had the legislature intended to draft § 13-2804 to prohibit both the accomplished act and an unsuccessful attempt, it could have done so, as it has in other circumstances. *See* § 13-2802(A)(2) (prohibits threatening witness or offering benefit to witness or person one believes may be called as a witness "with intent . . . to [i]nduce" avoidance of process or summoned attendance); 1969 Ariz. Sess. Laws, ch. 133, § 13 (under former A.R.S. § 13-1825, illegal to "willfully prevent[], dissuade[], or attempt[] to prevent or dissuade, a person who is or may become a witness from attending . . . any proceeding or inquiry authorized by law"); former A.R.S. § 13-289 (1956) (prohibiting "attempts by any other means fraudulently to induce a person to give false testimony, or withhold true testimony"); former A.R.S. § 13-570 (1956) (prohibiting perjury by subornation and attempted perjury by subornation); *State v. Verive*, 128 Ariz. 570, 580-81, 627 P.2d 721, 731-32 (App. 1981) (distinguishing between "completed crime of dissuading a witness" and "inchoate" offense of attempt to dissuade witness);[5] *cf.* A.R.S.

_____

[5]These statutes were repealed and replaced by §§ 13-2802 and 13-2804, effective October 1, 1978. 1977 Ariz. Sess. Laws, ch. 142, §§ 7, 20, 38, 90. To the extent the

10

§ 41-1491.17 (person "may not induce or attempt to induce" real estate transactions by prohibited representations). "When the legislature intends to include attempts, it knows how to do so." *State v. Peek*, 219 Ariz. 182, ¶ 19, 195 P.3d 641, 644 (2008) (1993 amendment to A.R.S. § 13-902(E) eliminated authority to impose lifetime probation for attempted child molestation).[6]

¶16    We do not disagree with the state's contention that it "would be consistent with the legislature's goal of barring persons from improperly interfering with official proceedings" to prohibit unsuccessful attempts to persuade a witness to withhold her testimony. But the legislature has addressed the issue of unsuccessful attempts under A.R.S. § 13-1001, which prohibits persons from attempting to commit a crime, even if the crime is not completed. The legislature appears to have regarded this as sufficient prohibition.

¶17    Nor do we doubt the state's assertion that our construction of the statute requires the state to prove more to convict a defendant of witness tampering than would

---

legislature omitted references to attempted persuasion of a witness found in previous statutes, we presume such omissions were intentional. *See State v. Peek*, 219 Ariz. 182, ¶¶ 11-14, 19, 195 P.3d 641, 643-44 (2008).

[6]Language defining the conduct required to commit witness tampering in other jurisdictions also is instructive. *See, e.g.*, Model Penal Code § 241.6 (2001) ("attempts to induce or otherwise cause"); Ala. Code § 13A-10-124 ("attempts to induce"); Alaska Stat. § 11.56.540 ("knowingly induces or attempts to induce"); Colo. Rev. Stat. § 18-8-707 ("intentionally attempts without bribery or threats to induce"); Conn. Gen. Stat. § 53a-151 ("induces or attempts to induce"); Fla. Stat. § 914.22 (specified conduct "with intent to cause or induce"); Me. Rev. Stat. Ann. tit. 17-A, § 454 ("[i]nduces or otherwise causes, or attempts to induce or cause"); Mont. Code Ann. § 45-7-206 ("purposely or knowingly attempts to induce or otherwise cause"); N.Y. Penal Law § 215.10 ("wrongfully induces or attempts to induce"); Or. Rev. Stat. § 162.285 ("knowingly induces or attempts to induce").

an interpretation that permitted prosecution based on an unsuccessful attempt to persuade a person to withhold or falsify testimony. But the legislature defines crimes and their elements, and we may neither add nor subtract elements to those definitions. *See State v. Cheramie*, 218 Ariz. 447, ¶ 9, 189 P.3d 374, 376 (2008); *Ferraro*, 67 Ariz. at 401, 198 P.2d at 123. To the extent this potentially could "produce[] an absurd or undesirable result the remedy lies with the legislature, for we must interpret the statutes as we find them." *Ferraro*, 67 Ariz. at 402, 198 P.2d at 123.

¶18 Accordingly, we conclude a conviction for tampering with a witness under § 13-2804 requires proof that a defendant knowingly caused a witness or a person he believed might be called as a witness to unlawfully withhold testimony, testify falsely, or fail to appear at an official proceeding when summoned. The state concedes it did not prove that Denise had altered her conduct or testimony as a result of Gray's conduct. But the jury, which had not been informed of this requirement, could not have found Gray guilty of the completed offense of tampering with a witness without also implicitly finding, beyond a reasonable doubt, that he had "attempted" to do so, in violation of §§ 13-1001 and 13-2804. We therefore conclude modification of Gray's judgment, to reflect his conviction for the lesser-included offense of attempted tampering with a witness, is appropriate in this case. *See*, *e.g.*, *State v. Rowland*, 12 Ariz. App. 437, 437-38, 471 P.2d 322, 322-23 (1970) (modifying judgment, when evidence only insufficient to prove element of greater offense, to reflect conviction for proven, lesser-included offense); *State v. Garcia*, 138 Ariz. 211, 214, 673 P.2d 955, 958 (App. 1983) (same).

¶19 Accordingly, we vacate Gray's conviction and sentence for tampering with a witness, modify the judgment to reflect his conviction for attempted tampering with a witness, a class one misdemeanor, and remand the case for resentencing on that offense.

/s/ *Virginia C. Kelly*
VIRGINIA C. KELLY, Judge

CONCURRING:

/s/ *Garye L. Vásquez*
GARYE L. VÁSQUEZ, Presiding Judge

/s/ *Peter J. Eckerstrom*
PETER J. ECKERSTROM, Judge