IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

VICTOR TED HERNANDEZ, *Appellant.*

No. 1 CA-CR 16-0336
FILED 4-4-2019

Appeal from the Superior Court in Maricopa County
No. CR2014-156118-001
The Honorable M. Scott McCoy, Judge

**AFFIRMED IN PART, MODIFIED IN PART, VACATED IN PART,
AND REMANDED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Rick Poster, Phoenix
*Counsel for Appellant*

## OPINION

Judge Jennifer M. Perkins delivered the opinion of the Court, in which Presiding Judge Diane M. Johnsen and Judge Kent E. Cattani joined.

**P E R K I N S**, Judge:

¶1　　　Victor Ted Hernandez appeals his convictions and sentences for three counts of participating in a criminal street gang in violation of Arizona Revised Statutes ("A.R.S.") § 13-2321(A). The State charged Hernandez after law enforcement intercepted two letters he wrote from prison to members of a criminal street gang. The letters' contents support his conviction under § 13-2321(A)(1). Because the letters never reached their intended recipients, however, Hernandez could be convicted only of attempted offenses under § 13-2321(A)(2) and (3). Accordingly, we affirm his conviction and sentence as to the first count, but vacate his other convictions, modify the judgment as to those convictions, and remand for resentencing.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2　　　We view the facts in the light most favorable to sustaining the convictions. *State v. Harm*, 236 Ariz. 402, 404, ¶ 3 n.2 (App. 2015). Evidence at trial established the following: While Hernandez was incarcerated in the Special Management Unit of the Fourth Avenue Jail, his incoming and outgoing mail was subject to an order that required a corrections officer to scan each piece of mail before it could be sent to the post office or delivered to Hernandez. Hernandez attempted to mail two envelopes labeled "legal mail," one addressed to "Villa" and the other to "Lopez," but a Sheriff's Officer recognized the addressees as recipients of nonlegal mail Hernandez had previously sent. After receiving approval from his supervisor, the officer opened and inspected the envelopes.

¶3　　　The Villa envelope contained a handwritten letter and a copy of a disciplinary action report detailing an assault on an inmate suspected of cooperating with law enforcement against the Mexican Mafia street gang. The handwritten letter gave instructions to provide Hernandez's contact information to other suspected gang members housed in Fourth Avenue Jail. It was signed "Gucci Boy," one of Hernandez's known aliases.

¶4          The Lopez envelope contained a filing from Hernandez's other legal proceedings interlineated with detailed handwritten instructions to send a message to "Turtle" that the Mexican Mafia controls the drug trade. The letter was signed "Death row Lil Chico," another of Hernandez's known aliases. The writing further gave instructions to collect $5,000–$10,000 in back "taxes" from Turtle, and if Turtle refused to pay, to burn down a particular business, and then if Turtle still refused to pay, to burn down another business at a second location. The letter also contained instructions to set up an outside address for money transfers, as well as detailed plans to commit robberies, setting forth the necessary weapons and other equipment, and advising it would be easier to "take out" the intended victims than to leave them alive.

¶5          Based on the two letters, the State charged Hernandez with three counts of participating in a criminal street gang, each a class 2 felony. During his five-day trial, the State presented testimony from multiple law enforcement officers showing Hernandez's affiliation with the Mexican Mafia, testimony from Officer Verdin that Hernandez had written the letters, and the actual letters themselves. The jury found Hernandez guilty on each count and then found two aggravating factors—Hernandez committed the offenses as consideration for something of pecuniary value and that he committed the offenses with the intent to promote or assist criminal conduct by a criminal street gang. The court sentenced Hernandez to twelve years of imprisonment for each count, to be served concurrently, and an additional five years to be served consecutively to the twelve-year terms as a gang enhancement.

¶6          After searching the entire record, Hernandez's defense counsel identified no arguable, non-frivolous questions of law. In accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel requested we search the record for fundamental error. Hernandez was given an opportunity to file a supplemental brief *in propria persona*, but did not do so. In the course of our *Anders* review, we identified an issue arguably constituting fundamental error and ordered the parties to submit supplemental briefs. *See Penson v. Ohio*, 488 U.S. 75, 83–84 (1988) (requiring representation when *Anders* review discloses an arguable issue). We asked the parties to address whether the fact that the mail at issue was intercepted requires modification of the judgment to reflect convictions for attempted participation in a criminal street gang rather than completed offenses. We also heard oral argument on the issue.

**DISCUSSION**

¶7        Hernandez argues that the interception of the letters before they reached their recipients precludes his convictions for participating in a criminal street gang. Specifically, Hernandez argues the language of § 13-2321(A) requires completed communication between a defendant and the intended recipient of the communication. We agree, and reverse two of Hernandez's convictions but conclude that sufficient evidence showed completed communications as to his conviction under § 13-2321(A)(1).

¶8        We review issues of statutory interpretation *de novo*. *State v. Estrada*, 201 Ariz. 247, 250, ¶ 15 (2001). In doing so, we first look to the statute's plain language, which determines the statute's construction when the language is clear and unequivocal. *Glazer v. State*, 244 Ariz. 612, 614, ¶ 9 (2018). As relevant here, § 13-2321(A) states:

> A person commits participating in a criminal street gang by any of the following:
>
> 1. Intentionally organizing, managing, directing, supervising or financing a criminal street gang with the intent to promote or further the criminal objectives of the criminal street gang.
>
> 2. Knowingly inciting or inducing others to engage in violence or intimidation to promote or further the criminal objectives of a criminal street gang.
>
> 3. Furnishing advice or direction in the conduct, financing or management of a criminal street gang's affairs with the intent to promote or further the criminal objectives of a criminal street gang.

A.R.S. § 13-2321(A). The jury convicted Hernandez on one count of participating in a criminal street gang under each of these three subsections.

¶9        Each verb in § 13-2321(A)(1) implies an interaction between the person doing the organizing, managing, directing, financing, or supervising, and a criminal street gang. Here, the letters evidence that Hernandez had managed, directed, and supervised other gang members before he sent the letters. One of the letters states, "Yourself, Monche, Demon, Trigger, and Thumper's name have all come up within the familia, that not only are you getting money in state, but out of state as well." Hernandez also noted that "big jay from SS Chula Vista wanted to help out," and that "Myself, along with the other aguilas [gang members] send our regards." Thus, even though the letters did not reach their intended

recipients, they contained evidence from which the jurors could conclude that Hernandez organized, managed, directed, or supervised gang activity.

¶10 The evidence was insufficient to establish the two other charges, however. Under § 13-2321(A)(2), "inciting" or "inducing" individuals to engage in violence on behalf of a criminal street gang contemplates, at a minimum, some means of communication between the defendant and intended recipient. This is not to say the State is required to prove a specific result of a defendant's conduct but, at a minimum, the State must show the defendant interacted in some way with the criminal street gang. We note that this Court has previously held that the term "induce" (used in a statute proscribing witness tampering, *see* A.R.S. § 13-2804 (2011)), "requires proof that a defendant knowingly *caused* a witness . . . to unlawfully withhold testimony, testify falsely, or fail to appear at an official proceeding when summoned." *State v. Gray*, 227 Ariz. 424, 429, ¶ 18 (App. 2011). The version of A.R.S. § 13-2804 at issue in that case was later amended to replace "knowingly induces a witness" with "knowingly communicates, directly or indirectly, with a witness . . . .." Ariz. Sess. Laws 2014, Ch. 144, § 2. But we need not decide whether the State must show a defendant actually caused a third party to engage in violence or intimidation when charged with "inducing" or "inciting" under § 13-2321(A)(2). Because Hernandez's letters never reached their intended recipients and therefore could not have caused third parties to engage in violence, or even unsuccessfully encouraged them to do so, there was insufficient evidence to show Hernandez violated § 13-2321(A)(2).

¶11 Finally, with respect to Hernandez's conviction under § 13-2321(A)(3), the State was required, as relevant here, to show Hernandez "[f]urnish[ed] advice or direction" to a criminal street gang. As with subsection (A)(2), a violation of § 13-2321(A)(3) requires the provision of "advice" or "direction" by completed communication. The State cannot prove a violation of the statute when the record clearly establishes the defendant's efforts to furnish advice or instructions were unsuccessful. Thus, the record in this case is insufficient to support Hernandez's conviction for a completed violation of § 13-2321(A)(3).

¶12 When the statute's plain language is clear, we will not resort to other methods of statutory interpretation, "such as the context of the statute, its historical background, its effects and consequences, and the spirit and purpose of the law." *Gray*, 227 Ariz. at 426, ¶ 5. The State argues that the legislative intent underlying § 13-2321 is, first and foremost, to prevent members of criminal street gangs from planning and carrying out crimes before the crimes can be completed. Even assuming there were some ambiguity in the statute that would lead us to look to other methods of

statutory interpretation, the State does not explain why a conviction for the attempted crimes under § 13-2321(A)(2) and (3) somehow fails to achieve the purpose of preventing these crimes. Although Hernandez's actions did not constitute a completed violation of those provisions, his conduct resulted in criminal offenses, albeit lesser offenses, in accordance with A.R.S. § 13-1001 (attempt). The legislature certainly could have drafted the statute to criminalize attempted and completed participation in a criminal street gang in the same manner. It did not. The statute, as written, is clear. To convict a defendant of participation in a criminal street gang under § 13-2321(A)(2) or (3) the State must show, at a minimum, that the defendant's efforts to induce or furnish advice to the criminal street gang were known to the group he intended to induce or advise. Proof of intercepted communications amounts only to an attempt.

¶13        In sum, a conviction for participating in a criminal street gang under § 13-2321(A)(2) or (3) that relies on communications sent by the defendant requires proof, at a minimum, that the addressee or target actually received the communications. The intended recipients here did not ever receive Hernandez's letters. Accordingly, two of Hernandez's convictions (under subsections (A)(2) and (A)(3)) must be set aside. Because, however, the jury's verdicts on those counts implicitly found beyond a reasonable doubt that Hernandez attempted to commit the offenses in violation of §§ 13-1001 and -2321(A)(2) and (3), we modify the judgment on the second and third counts to reflect that Hernandez was convicted of the lesser-included offenses of attempted participation in a criminal street gang. *See State v. Garcia*, 138 Ariz. 211, 214, 217 (App. 1983) (modifying conviction when evidence was sufficient only to prove lesser-included offense).

## CONCLUSION

¶14        We affirm Hernandez's conviction and sentence under § 13-2321(A)(1), but we vacate Hernandez's convictions and sentences for participating in a criminal street gang under subsections (A)(2) and (A)(3), modify the judgment to reflect his convictions for two counts of attempted participation in a criminal street gang, each a class three felony, and remand the case for resentencing.