NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ERIC PINA MOLINA, *Appellant.*

No. 1 CA-CR 19-0530
FILED 6-23-2020

Appeal from the Superior Court in Maricopa County
No. CR2017-148165-001
The Honorable Julie A. LaFave, Judge *Pro Tempore*

**AFFIRMED AS CORRECTED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael O'Toole
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jeffrey L. Force
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge David B. Gass joined.

---

**C R U Z**, Judge:

**¶1**        This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for Eric Pina Molina has advised this Court of a clerical error in the sentencing order and order of confinement, but has found no other arguable questions of law and asks us to search the record for fundamental error. Molina was convicted of three counts of aggravated driving under the influence. Molina was given an opportunity to file a supplemental brief *in propria persona*; he has not done so. After reviewing the record, we conclude there is no reversable error and affirm Molina's convictions. We correct the sentencing order and order of confinement in light of a clerical error.

**FACTUAL AND PROCEDURAL HISTORY**

**¶2**        We view the facts in the light most favorable to sustaining the convictions and resolve all reasonable inferences against Molina. *State v. Flores*, 227 Ariz. 509, 512, ¶ 12 (App. 2011).

**¶3**        At approximately 2:30 a.m. on March 18, 2017, a Gilbert Police Department officer on patrol noticed a vehicle driving faster than the posted speed limit and initiated a traffic stop on Ray Road. The officer approached the driver's side window; Molina provided the officer with an Arizona identification card and admitted he was driving with a suspended license. During the traffic stop, the officer noticed Molina's speech was slurred and detected an odor of alcohol, but Molina denied drinking alcohol that night or ever using drugs. Molina exited the vehicle at the officer's request, but he refused to complete a field sobriety test, and the officer placed him under arrest.

**¶4**        The officer transported Molina to the Gilbert/Chandler holding facility, where Molina acted "very confrontational, very argumentative, very vulgar, and insulting" toward officers and detention staff. After obtaining a search warrant for Molina's blood, a phlebotomist drew a blood sample from Molina at 4:00 a.m. A toxicology analysis

determined Molina had a blood-alcohol level of .207, and analysts also detected cannabinoids and cocaine in the blood sample.

¶5        Molina was charged and indicted with three counts, each a Class 4 felony: Count 1, aggravated driving under the influence of alcohol or drugs while impaired and knowing his license was suspended; Count 2, aggravated driving under the influence with an alcohol concentration of 0.08 or greater and knowing his license was suspended; and Count 3, aggravated driving under the influence with the presence of a drug in his body and knowing his license was suspended.  *See* Arizona Revised Statutes ("A.R.S.") sections 28-1381, -1382, -1383(A)(1).  After a hearing pursuant to Arizona Rule of Criminal Procedure ("Rule") 11, the superior court found Molina competent to assist with his defense.  Molina rejected a global plea offer that would have resolved the instant case and two other outstanding cases.  The superior court also denied Molina's request for change of counsel, citing the impending trial date.

¶6        The three-day trial began on April 15, 2019.  Although he arrived late, Molina attended the first day of trial, which consisted of jury selection.  Molina failed to appear on the second and third days of trial; the trial proceeded in his absence with Molina's counsel representing him.  The superior court issued a warrant for his arrest.

¶7        The State presented evidence of Molina's suspended license, and forensic scientists testified as to the results of the analysis performed on Molina's blood sample as well as the metabolization rates and effects of cannabinoids and cocaine.  Counsel for Molina did not call witnesses, but did cross-examine three of the State's witnesses.  The jury returned verdicts of guilty as to all three counts.

¶8        The superior court conducted the sentencing hearing in compliance with Molina's constitutional rights and Rule 26.[1]  Molina and a family member addressed the court on his behalf.  After determining the presumptive sentence was appropriate for all three counts, the court

---

[1]      The sentencing hearing also addressed three other matters, including CR 2017-128193-001, in which Molina was found guilty of five felony counts after a jury trial.  Molina accepted a plea deal as to the other two matters, CR 2017-148166-001, a Class 6 felony, and CR 2019-005520-001, a Class 4 felony.  The decision in this appeal does not affect the resolution of any of these other cases.

imposed concurrent sentences of 2.5 years in the Department of Corrections on each count, with 86 days' credit for presentence incarceration.[2]

## DISCUSSION

**¶9**    We review Molina's convictions and sentences for fundamental error.  *See State v. Hernandez*, 246 Ariz. 407, 410, ¶ 6 (App. 2019).  Fundamental error goes "to the foundation of the case . . . that takes from the defendant a right essential to his defense, and error of such magnitude that the defendant could not possibly have received a fair trial." *State v. Hunter*, 142 Ariz. 88, 90 (1984).

**¶10**    Counsel for Molina has advised this Court that after a diligent search of the entire record, counsel has found no arguable question of law. We have read and considered counsel's brief and fully reviewed the record for reversible error.  *See Leon*, 104 Ariz. at 300.  We find none.  All the proceedings were conducted in compliance of the Arizona Rules of Criminal Procedure.  So far as the record reveals, counsel represented Molina at all stages of the proceedings, and the sentences imposed were within the statutory limits.  At sentencing, Molina and his counsel were given an opportunity to speak, and the superior court imposed a legal sentence.

**¶11**    Counsel for Molina correctly notes a clerical error in the sentencing order and order of confinement.  At the sentencing hearing, the court stated it imposed presumptive sentences of 2.5 years for each of the three counts and determined no prior historical felony convictions applied. The sentencing order and order of confinement, however, each state Molina received a 4.5-year sentence for Count 2 as a Category 2 non-dangerous, repetitive offense pursuant to A.R.S. § 13-703(I).  "Where there is a discrepancy between the oral sentence and the written judgment, the oral pronouncement of sentence controls." *State v. Hanson*, 138 Ariz. 296, 304-05 (App. 1983); *cf. State v. Bowles*, 173 Ariz. 214, 216 (App. 1992) (finding remand for clarification of sentence is appropriate where discrepancy "cannot be resolved by reference *to the record*").  We therefore correct the

---

[2]    The court also imposed the following fees and assessments: a $250 DUI abatement fund fee, a DUI fine totaling $1372.50 including surcharges, a $1500 prison construction operation fund fee, a $1500 public safety equipment fund fee, a $20 probation assessment, a $20 time payment fee, a $2 victim rights enforcement assessment, and a $13 criminal penalty to benefit the Gilbert Police Department.

sentencing order and order of confinement to reflect that the sentence for Count 2 is for 2.5 years pursuant to A.R.S. § 13-702(D).

¶12        Upon the filing of this decision, defense counsel shall inform Molina of the status of the appeal and of his future options.  Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review.  *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).  Molina shall have thirty days from the date of this decision to proceed, if he so desires, with an *in propria persona* motion for reconsideration or petition for review.

## CONCLUSION

¶13        For the foregoing reasons, we affirm Molina's convictions and correct the sentencing order and order of confinement as to Count 2.



AMY M. WOOD • Clerk of the Court
FILED:    AA