IN THE
# ARIZONA COURT OF APPEALS
DIVISION TWO
_____

THE STATE OF ARIZONA,
*Petitioner*,

*v.*

HON. CHRISTOPHER BROWNING, JUDGE OF THE SUPERIOR COURT OF THE STATE
OF ARIZONA, IN AND FOR THE COUNTY OF PIMA,
*Respondent,*

*and*

ADRIEL GUEVARA ENRIQUEZ,
*Real Party in Interest.*

No. 2 CA-SA 2023-0096
Filed December 29, 2023
_____

Special Action Proceeding
Pima County Cause No. CR20191616001

**JURISDICTION ACCEPTED; RELIEF GRANTED**
_____

COUNSEL

Laura Conover, Pima County Attorney
By Tai Summers, Deputy County Attorney, Tucson
*Counsel for Petitioner*

Megan Page, Pima County Public Defender
By David J. Euchner and Jenna L. Johnson, Assistant Public Defenders, Tucson
*Counsel for Real Party in Interest*

**OPINION**

Chief Judge Vásquez authored the opinion of the Court, in which Presiding Judge Eppich and Judge Gard concurred.

VÁSQUEZ, Chief Judge:

**¶1**     The state seeks special action review of the respondent judge's ruling that a facility dog could not accompany a minor victim to the witness stand during her testimony. We accept jurisdiction and grant relief.

**¶2**     Real-party-in-interest Adriel Enriquez is charged with two counts of sexual conduct with a nine-year-old minor. The victim will be under the age of eighteen at the time of trial. The state filed a notice stating its intent to have a facility dog accompany the victim during her testimony pursuant to A.R.S. § 13-4442(A).

**¶3**     The respondent judge denied the state's motion for the facility dog to accompany the victim to the witness stand. Instead, he ordered the victim would have "complete and unfettered access to the dog[] in a private area . . . immediately before and immediately after her testimony" but the dog would "remain in the rear of the courtroom" in the victim's line of sight "but outside the view of the jury." The respondent affirmed that the parties could "request a brief recess" if the victim became "emotionally upset or distraught during her testimony," so she could be with the dog "in a private room outside the presence of the jury." The state filed this petition seeking review of that order. Because this case involves a victim's rights that "would not be capable of protection if the matter were reviewed post-trial," we accept special action jurisdiction. *Romley v. Schneider*, 202 Ariz. 362, ¶ 5 (App. 2002).

**¶4**     In 2016, the legislature enacted § 13-4442(A), which requires a trial court to "allow a victim who is under eighteen years of age to have a facility dog, if available, accompany the victim while testifying in court" provided the court receives sufficient notice.[1] 2016 Ariz. Sess. Laws, ch. 135,

---

[1]Specifically, the party "must file a notice with the court that includes the certification of the facility dog, the name of the person or entity who certified the dog and evidence that the facility dog is insured." § 13-4442(A). The statute also permits a trial court to allow a "victim who

§ 2. A "facility dog" is "a dog that is a graduate of an assistance dog organization." § 13-4442(D). If a facility dog accompanies a victim, the court must "instruct the jury on the role of the facility dog and that the facility dog is a trained animal" to "ensure that the presence of a facility dog assisting a victim or a witness does not influence the jury or is not a reflection on the truthfulness of any testimony that is offered by the victim or witness." § 13-4442(C). To implement this statute, the supreme court adopted Rule 39(b)(9), Ariz. R. Crim. P., adding "the right to the assistance of a facility dog when testifying as provided in A.R.S. § 13-4442 to the list of enumerated victims' rights."[2] Ariz. Sup. Ct. Order R-17-0002 (Aug. 31, 2017).

**¶5** The state argues that, under § 13-4442, the facility dog must be allowed to accompany the child victim to the witness stand and not, as the respondent determined, be merely present in the courtroom within the victim's line of sight. We review issues of statutory interpretation de novo. *State v. Hernandez*, 246 Ariz. 407, ¶ 8 (App. 2019). "When the statute's plain language is clear, we will not resort to other methods of statutory interpretation, 'such as the context of the statute, its historical background, its effects and consequences, and the spirit and purpose of the law.'" *Id.* ¶ 12 (quoting *State v. Gray*, 227 Ariz. 424, ¶ 5 (App. 2011)).

**¶6** When statutory terms are not defined, we apply the "usual and commonly understood meaning unless the legislature clearly intended a different meaning." *In re Nelson*, 207 Ariz. 318, ¶ 16 (2004) (quoting *State v. Korzep*, 165 Ariz. 490, 493 (1990)); A.R.S. § 1-213 ("Words and phrases shall be construed according to the common and approved use of the language."). Although "accompany" can have different meanings depending on the context, in this context, it means "to go with as an

---

is eighteen years of age or more or a witness to use a facility dog." § 13-4442(B).

[2]Enriquez asserts that § 13-4442(A) violates Arizona's constitutional separation of powers because it "infringes on the judicial rulemaking authority and the trial judge's duty to manage the courtroom." *See generally* Ariz. Const. art. III, art. VI § 5(5), § 11. That argument, however, fails to account for the supreme court's implementation of the statute by enacting Rule 39(b)(9). *Cf. J.V. v. Blair*, ___ Ariz. ___, ¶ 14, 536 P.3d 1223, 1226 (App. 2023) ("[T]he separation-of-powers lines are not always bright, and some overlap exists, sometimes because one branch has ceded power to the other.").

associate or companion." *Accompany*, Merriam-Webster, https://www.merriam-webster.com (last visited Dec. 14, 2023); *see also Accompany*, Webster's Third New Int'l Dictionary (1971) ("to go with or attend as an associate or companion"). Given this meaning, the respondent judge's decision that the facility dog was to be physically separated from the victim during her testimony is incompatible with the statutory directive. Instead, the statute requires that the facility dog must be with the victim. *See* § 13-4442(A). This requirement is further demonstrated by the statute's directive to the trial court to instruct the jury regarding the facility dog—meaning the jurors necessarily will know that the facility dog is accompanying the victim. *See* § 13-4442(C). The respondent's interpretation, in contrast, would render the statutory provision requiring such an instruction largely superfluous—a result we must avoid. *See Mussi v. Hobbs*, 255 Ariz. 395, ¶ 19 (2023).

¶7 Even if we were to conclude the term "accompany" was ambiguous, an evaluation of the purpose of the statute would lead to the same conclusion. Both the statute and the rule expressly provide that the dog should accompany the victim "while testifying in court" or "when testifying." § 13-4442(A); Ariz. R. Crim. P. 39(b)(9). Whatever benefit the dog is meant to provide, it is specifically intended to be available *during* the testimony. Contrary to the respondent's ruling, the statute simply does not address the use of a facility dog during breaks and recesses or any other circumstance except while the victim is testifying.[3]

¶8 The respondent judge expressed concern that "the presence of a dog in sight of the jury and readily available for the witness" would "bolster[] the victim's credibility by invoking unnecessary sympathy for the victim," thus prejudicing the defendant.[4] But the legislature has accounted

---

[3]The benefits of a facility dog depend on proximity. For example, having a dog close by can "reduce a child's heart rate and blood pressure, in turn reducing stress and anxiety." Casey Holder, *All Dogs Go to Court: The Impact of Court Facility Dogs As Comfort for Child Witnesses on a Defendant's Right to a Fair Trial*, 50 Hous. L. Rev. 1155, 1180 (2013). And "[s]trong evidence indicates that petting or holding a dog can reduce stress and increase relaxation." *Id.* For these and other reasons, best practices require that the "dog . . . remain with the individual . . . particularly when testifying at trial." Ashley Englund, *Canines in the Courtroom: A Witness's Best Friend Without Prejudice*, 17 Animal & Nat. Res. L. Rev. 45, 56 (2021).

[4]Whether such prejudice exists is far from certain. *Compare* John J. Ensminger, Sherri Minhinnick, James Lawrence Thomas & Itiel E. Dror, *The*

for the possibility of prejudice by requiring an instruction. The standard jury instruction for the use of a facility dog states:

> A witness may be accompanied by a dog while testifying in court. The dog's presence is not and should not be a reflection on the truthfulness or credibility of any testimony that is offered by the witness. The dog is trained to assist witnesses in court proceedings. The presence of the dog should not influence your deliberations in any way.

Revised Arizona Jury Instructions (RAJI) Standard Criminal 27 (facility dog) (6th ed. 2022). Jurors are presumed to follow instructions. *See State v. Gallardo*, 225 Ariz. 560, ¶ 40 (2010). Although this instruction is sufficient to mitigate prejudice concerns in most cases, our decision should not be read to suggest a trial court cannot consider other ways—short of prohibiting the dog from accompanying the victim when she testifies—to minimize any potential prejudice.

**¶9**      We accept jurisdiction and grant relief. We vacate the respondent judge's order declining to permit the facility dog to accompany the victim at the witness stand when she testifies.

---

*Use and Abuse of Dogs in the Witness Box*, 25 Suffolk J. Trial & App. Advoc. 1, 61-63 (2020) (describing a 2013 study based on mock jurors' perceptions of pictures of witnesses accompanied by dogs suggesting a slight uptick in guilty verdicts compared to no accommodation), *with* Kayla A. Burd & Dawn E. McQuiston, *Facility Dogs in the Courtroom: Comfort Without Prejudice?*, 44(4) Crim. Just. Rev. 515, 515 (2019) (conducting subsequent study and concluding that, "contrary to various legal arguments concerning due process, facility dogs may not influence verdict, verdict confidence, or sentencing").